**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ADOLFO ALEGUNDO CORTES-AMBROSIO,<br><br>        Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No.   20-70081<br><br>Agency No. A205-065-127<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 17, 2022[**]
San Francisco, California

Before: BYBEE, CALLAHAN, and COLLINS, Circuit Judges.

Adolfo Cortes-Ambrosio, a native and citizen of Mexico, petitions this court

for review of the Board of Immigration Appeals' (BIA) denial of his motion to

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reopen his removal proceedings. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review denials of motions to reopen for an abuse of discretion. *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 800 (9th Cir. 2022). The BIA can deny a motion to reopen on "at least" three independent grounds: (1) "failure to establish a prima facie case for the relief sought"; (2) "failure to introduce previously unavailable, material evidence"; and (3) failure to show that the movant would be entitled to the discretionary grant of relief sought. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)).

The BIA did not abuse its discretion in denying Cortes-Ambrosio's motion to reopen because his new evidence failed to establish prima facie eligibility for the relief sought. With respect to his asylum and withholding claims, Cortes-Ambrosio's evidence does not establish a nexus between his alleged future persecution and his social group—his "family kinship/ties and . . . his family's landownership." He describes two instances—one in 2000 and one in 2018—in which his brothers were threatened by organized criminals, but the record does not show that their family ties were "a reason" that they were threatened. *See Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890–91 (9th Cir. 2021). Further, while Cortes-Ambrosio's updated country conditions evidence points to an increase in

violence and cartel activity, it describes a generalized risk of harm rather than a risk specific to people with certain family ties or familial land ownership. *See Zetino v. Holder*, 622 F.3d 1007, 1015–16 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). With respect to his claim under the Convention Against Torture, Cortes-Ambrosio failed to show prima facie eligibility for relief because such generalized evidence is insufficient to show "more likely than not" that he would be tortured with the consent or acquiescence of the Mexican government. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).[1]

**PETITION DENIED.**

---

[1] Cortes-Ambrosio also argues that the BIA failed to adequately consider the evidence in support of his motion to reopen. However, this argument is conclusory, and he fails to point to any indication that the BIA did not consider all of the evidence before it. *See Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011).