**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SERAFIN CISNEROS-MEZA, AKA Sergio Andrade-Cisneros, | No. 18-71372<br>19-71257 |
| Petitioner, | Agency No. A095-768-182 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 26, 2023[**]
San Francisco, California

Before: GOULD, RAWLINSON, and BRESS, Circuit Judges.

In these consolidated cases, Serafin Cisneros-Meza, a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals (BIA) decision dismissing his appeal of an Immigration Judge (IJ) order denying his request

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for cancellation of removal. Cisneros-Meza also petitions for review of a BIA decision denying his motions to reopen and reconsider. We dismiss the petition in part and deny it in part.

1. We lack jurisdiction over Cisneros-Meza's challenge to the BIA's denial of cancellation of removal because he advances no colorable legal or constitutional claims. *See* 8 U.S.C. §§ 1252(a)(2)(B)(i), (a)(2)(D); *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1271 (9th Cir. 2001). Contrary to Cisneros-Meza's assertion that the BIA applied the wrong standard of review to the IJ's discretionary decision, the BIA stated that it reviewed the decision de novo. Additionally, although Cisneros-Meza purports to challenge the IJ's review of the evidence concerning Cisneros-Meza's claimed rehabilitation from alcohol abuse, we lack jurisdiction to review factual challenges to the agency's decisions denying discretionary relief from removal. *Patel v. Garland*, 142 S. Ct. 1614, 1618 (2022).

We likewise lack jurisdiction over Cisneros-Meza's three due process arguments. First, Cisneros-Meza argues that the IJ improperly refused to allow his wife to testify, but he did not raise this argument before the BIA. We lack jurisdiction to consider this unexhausted argument. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Second, Cisneros-Meza argues that the IJ exhibited animus toward him, denying him due process. An IJ may not act as a "partisan adjudicator seeking to

2

intimidate the petitioner rather than a neutral fact-finder interested in hearing the petitioner's evidence," but an IJ can "aggressively and sometimes harshly question a witness." *Arrey v. Barr*, 916 F.3d 1149, 1158–59 (9th Cir. 2019) (quotations omitted). Cisneros-Meza has presented no colorable argument here that the IJ "abandon[ed] her role as a neutral fact-finder." *Reyes-Melendez v. I.N.S.*, 342 F.3d 1001, 1006 (9th Cir. 2003).

Third, Cisneros-Meza contends that his prior counsel's representation was so deficient as to deny him his due process right to counsel. To properly bring an ineffective assistance of counsel claim, the petitioner must comply with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1072 (9th Cir. 2003). A petitioner who does not comply with these requirements "is entitled to relief only if 'the ineffectiveness of counsel was plain on its face.'" *Guan v. Barr*, 925 F.3d 1022, 1033 (9th Cir. 2019) (quoting *Tamang v. Holder*, 598 F.3d 1083, 1090 (9th Cir. 2010)). Cisneros-Meza did not comply with any of *Lozada*'s requirements, and he makes no colorable showing that counsel's representation was plainly inadequate.

2. We lack jurisdiction to consider Cisneros-Meza's challenge to the BIA's denial of *sua sponte* reopening. We may review this decision only if the BIA's exercise of discretion was premised on legal or constitutional error. *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). Cisneros-Meza's challenge is based on

3

the same ineffective assistance of counsel argument rejected above. He thus alleges no colorable legal or constitutional error.

3. Cisneros-Meza also challenges the denial of his motion to reconsider and terminate based on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), contending that the omission of a hearing time and date on his original Notice to Appear (NTA) deprived the immigration court of jurisdiction. The BIA denied this motion as untimely and on the merits. Cisneros-Meza has not challenged the BIA's timeliness finding, which is itself dispositive. In any event, Cisneros-Meza's jurisdictional argument is foreclosed by precedent. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1193 (9th Cir. 2022) (en banc) ("[D]efects in an NTA . . . have no bearing on an immigration court's adjudicatory authority."); *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) (rejecting jurisdictional argument where the initial NTA did not provide a date, time, or place); *Karingithi v. Whitaker*, 913 F.3d 1158, 1161 (9th Cir. 2019) (explaining that "*Pereira* simply has no application" when considering the immigration court's jurisdiction). We also note that Cisneros-Meza received a subsequent notice with the relevant information and attended the hearing.

4. Finally, Cisneros-Meza challenges the BIA's rejection of his motion to reopen based on the alleged ineffective assistance of counsel. We review this decision for abuse of discretion. *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 800 (9th Cir. 2022). The BIA rejected Cisneros-Meza's motion as untimely and on the

4

merits. Neither ground for decision was "arbitrar[y], irrational[], or contrary to the law." *B.R. v. Garland*, 26 F.4th 827, 835 (9th Cir. 2022). The BIA reasonably concluded that the filing deadline for this untimely motion should not be equitably tolled, since Cisneros-Meza had demonstrated neither diligence in pursuing the motion nor extraordinary circumstances that prevented timely filing. And the BIA also reasonably rejected this argument on the merits for noncompliance with *Lozada* and because Cisneros-Meza had not identified any obvious ineffective assistance of counsel or demonstrated that he was prejudiced.

**DISMISSED in part and DENIED in part.**