**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIVIA DE DOS SANTOS PINHEIRO, | No. 21-765 |
| Petitioner, | Agency No.    A073-944-789 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 8, 2023
San Francisco, California

Before: FRIEDLAND, R. NELSON, Circuit Judges, CARDONE, District
Judge**.

Petitioner Livia de Dos Santos Pinheiro, a native and citizen of Brazil,

petitions for review of an order of the Board of Immigration Appeals (BIA)

denying her motion to reopen proceedings regarding her application for deferral

of removal under the Convention Against Torture (CAT).  We grant the

petition.

---

\*       This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.
\*\*       The Honorable Kathleen Cardone, United States District Judge for
the Western District of Texas, sitting by designation.

1.  The BIA abused its discretion in denying Pinheiro's motion to reopen her CAT claim based on changed country conditions. Pinheiro had explained in her motion to reopen that she feared torture based on the risks posed by being an LGBT individual and a woman. Despite her explicit contentions that "gender based violence against women" had increased in Brazil, the BIA held that "her claim that she will be tortured is not premised on her gender" and then disregarded evidence in the record discussing violence against women in Brazil. The BIA ultimately rejected Pinheiro's changed country conditions argument on the ground that Pinheiro did not establish prima facie eligibility for relief under CAT.

When considering a CAT claim, however, the agency is required to consider *all* of the country conditions evidence and whether all of the petitioner's characteristics cumulatively give rise to a probable likelihood that petitioner would be subject to torture. *See Cole v. Holder*, 659 F.3d 762, 770, 775 (9th Cir. 2011) (explaining that "all evidence relevant to the possibility of future torture shall be considered" (quoting 8 C.F.R. § 1208.16(c)(3)) when assessing the "*aggregate* risk that [the petitioner] would face"); *see also Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1154-56 (9th Cir. 2022). Because the agency failed to consider how the evidence of violence against women in Brazil would contribute to Pinheiro's total risk of torture for purposes of determining her prima facie eligibility for CAT relief, we remand for the agency to properly evaluate all of the country conditions evidence in the first

instance. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001) (remanding CAT claim for further consideration where the BIA denied a motion to reopen based on changed country conditions without considering all of the relevant country conditions in the record).

2.  The BIA did not abuse its discretion in rejecting the ineffective assistance of counsel claim Pinheiro asserted as a basis for reopening. Pinheiro argued that prior counsel's failure to submit a declaration, affidavits, or other evidence related to her sexual orientation and mental illness constituted ineffective assistance of counsel. Even assuming Pinheiro satisfied the *Matter of Lozada* requirements, the BIA reasonably concluded that counsel was not deficient when she strategically chose to invest her efforts in other avenues of relief for Pinheiro rather than produce additional evidence in support of a risk of torture. *See, e.g.*, *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 802-03 (9th Cir. 2022) (explaining that tactical decisions, such as not raising an argument that counsel determined lacks merit, do not constitute ineffective assistance under the Fifth Amendment); *Babbitt v. Calderon*, 151 F.3d 1170, 1174 (9th Cir. 1998) (holding that criminal defense counsel was not ineffective and explaining that "counsel could reasonably have decided to utilize his limited resources in investigating other avenues rather than simply bolstering this one").[1]

---

[1] *See also Torres-Chavez v. Holder*, 567 F.3d 1096, 1100 (9th Cir. 2009) (explaining that because immigrants in removal proceedings "shoulder a heavier burden of proof in establishing ineffective assistance of counsel under the Fifth Amendment than under the Sixth Amendment, . . . if [the petitioner]'s counsel

As to counsel's failure to file a brief in the appeal to the BIA, the BIA correctly observed that the absence of a brief does not always cause prejudice, and it did not do so here.  Pinheiro argues that prejudice should be presumed from the failure to file a brief.  But she relies only on cases in which the BIA dismissed the appeal due to counsel's error.  *See, e.g.*, *Siong v. INS*, 376 F.3d 1030, 1037-38 (9th Cir. 2004) (BIA dismissed appeal for untimeliness); *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir. 2003) (BIA dismissed appeal for failure to file a brief).  Here, by contrast, the BIA considered Pinheiro's claims and rejected them on their merits.  Pinheiro has also not pointed to any argument a brief could have made that the BIA did not consider.

Because the failure to produce a declaration or additional evidence did not constitute deficient performance and because no prejudice resulted from the failure to file a brief, Pinheiro's motion to reopen based on ineffective assistance of counsel fails.  *See Mohammed v. Gonzales*, 400 F.3d 785, 793-94 (9th Cir. 2005) (requiring a showing of deficient performance and prejudice to establish a Fifth Amendment ineffective assistance of counsel violation in the deportation context).

**Petition GRANTED.**

---

was effective [under *Strickland v. Washington*, 466 U.S. 668 (1984)] for Sixth Amendment purposes" then "there is no violation of the [immigrant]'s Fifth Amendment right to due process" (quotation marks omitted)).