NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 10 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARNEK SINGH, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-981 <br><br> Agency No. A205-935-145 <br><br> MEMORANDUM[*] |

| | |
|---|---|
| HARNEK SINGH, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-1850 <br><br> Agency No. A205-935-145 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 8, 2023[**]
San Francisco, California

Before: CHRISTEN and BRESS, Circuit Judges, and ANTOON, District

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Judge.***

Harnek Singh, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal of an Immigration Judge (IJ) order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Singh also petitions for review of the BIA's later denial of his motion to reopen his removal proceedings. We have jurisdiction under 8 U.S.C. § 1252 and deny the petitions.

1. Substantial evidence supports the agency's denial of asylum and withholding of removal based on the IJ's adverse credibility determination. *See Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (standard of review for asylum and withholding of removal); *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) ("We review factual findings, including adverse credibility determinations, for substantial evidence."). Under the substantial evidence standard, the agency's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

To support an adverse credibility finding, "[t]he [agency] must have a legitimate articulable basis to question the petitioner's credibility, and must offer

***    The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

2

a specific, cogent reason for any stated disbelief." *Martinez v. Holder*, 557 F.3d 1059, 1060 (9th Cir. 2009) (quoting *Valderrama v. INS*, 260 F.3d 1083, 1085 (9th Cir. 2001)). "There is no bright-line rule under which some number of inconsistencies requires sustaining or rejecting an adverse credibility determination . . . ." *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc). Instead, "we must look to the 'totality of the circumstances[ ] and all relevant factors.'" *Id.* (alteration in original) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). One such factor is "the consistency between the [petitioner's] written and oral statements." 8 U.S.C. § 1158(b)(1)(B)(iii). Credibility determinations may be made "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the [petitioner's] claim." *Id.*

Here, the BIA found that Singh's testimony was not credible because it was inconsistent with his prior sworn statement and declaration. In particular, Singh was inconsistent about whether he had been beaten by members of the Congress Party; whether his injuries required professional medical attention; and whether his political involvement with the Mann Party went beyond just voting for its candidates. During cross-examination, Singh acknowledged all of these inconsistencies.

The record does not compel the conclusion that Singh's testimony was credible. Singh's "inability to consistently describe the underlying events that gave rise to his fear was an important factor that could be relied upon by the IJ in

3

making an adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010). And his embellishment of his account of persecution further undermined his credibility. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) (holding that adverse credibility determinations can be supported based on the petitioner offering new allegations that "tell a much different—and more compelling—story of persecution than [the] initial application" (alteration in original) (quotations omitted)). Although Singh tried to explain the inconsistencies, the BIA could conclude that his explanations were not persuasive. And absent credible testimony, substantial evidence supports the denial of asylum and withholding of removal.

2.      Substantial evidence also supports the denial of CAT relief. *See Sharma*, 9 F.4th at 1066 (standard of review). Singh's evidentiary support for his claim that he would likely be tortured in India consisted of his discredited testimony and general background country condition information, which the BIA considered. This generalized evidence does not compel the conclusion that Singh will more likely than not be tortured if he is removed to India. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (finding that "generalized evidence of violence and crime" in the country of origin was "not particular to Petitioners" and was thus "insufficient to meet" the standard for CAT relief); *Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006) (holding that discredited testimony and general country reports of torture did not compel a grant of CAT protection).

4

3. The BIA did not abuse its discretion by denying Singh's motion to reopen to pursue adjustment of status following his marriage to a U.S. citizen and his related filing of a visa application. *See Hernandez-Ortiz v. Garland*, 32 F.4th 794, 800 (9th Cir. 2022) (standard of review). Singh offered no evidence that his visa application was approved. And "[w]hen an alien enters into a marriage following the completion of removal proceedings, it is presumed that the purpose is to 'procur[e] the alien's admission as an immigrant.'" *Sharma v. Holder*, 633 F.3d 865, 872 (9th Cir. 2011) (second alteration in original) (quoting 8 U.S.C. § 1255(e)(3)). "To overcome this presumption, an applicant filing a motion with the Board to reopen removal proceedings must 'present[ ] clear and convincing evidence indicating a strong likelihood that the [petitioner's] marriage is bona fide.'" *Id.* (alterations in original) (quoting *Malhi v. INS*, 336 F.3d 989, 994 (9th Cir. 2003)).

Here, as the BIA noted, there was no "direct evidence showing joint tenancy of a common residence," no evidence "as to when this couple met, how they met, or the exact nature of their relationship," and "no affidavits from third parties having knowledge of the bona fides of the relationship." Because Singh has not demonstrated that his "motivation for marriage" was "based on an actual and legitimate relationship," *Malhi*, 336 F.3d at 994, the BIA did not abuse its discretion by denying the motion to reopen. Nor has Singh demonstrated any

5

other error in the BIA's decision.[1]

**PETITIONS DENIED.**

---

[1] Singh's motion for stay of removal is denied as moot.