**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JUAN HERNANDEZ-ORTIZ,
*Petitioner*,

v.

MERRICK B. GARLAND, Attorney
General,
*Respondent.*

No. 16-72752

Agency No.
A076-272-560

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2022[*]
Pasadena, California

Filed April 26, 2022

Before: Daniel A. Bress and Patrick J. Bumatay, Circuit
Judges, and Sharon L. Gleason,[**] District Judge.

Opinion by Judge Bress

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable Sharon L. Gleason, Chief United States District Judge for the District of Alaska, sitting by designation.

## SUMMARY[***]

### Immigration

Denying a petition for review of the Board of Immigration Appeals' denial of an untimely motion to reopen, the panel held that the Board did not abuse its discretion in concluding that petitioner did not warrant equitable tolling of the time limitation on his motion based on alleged ineffective assistance of counsel or err in declining to excuse the untimely motion due to materially changed country conditions in Mexico.

The panel held that under the circumstances of this case, where there was no apparent prospect of avoiding the time bar, petitioner failed to show that his prior counsel acted deficiently in failing to file earlier untimely motions to reopen. The panel explained that petitioner failed to show that he could have pursued a motion based on changed circumstances, or that his lawyers knew or should have known of such possible grounds for seeking reopening. Moreover, the panel concluded that the Board did not err in determining that petitioner's counsel's actions in pursuing other options on his behalf were permissible "tactical decisions" at the time they were made. The panel also held that petitioner failed to establish that his counsel's actions caused him prejudice, because had his prior counsel filed motions to reopen, there would have been no valid basis to excuse the untimeliness.

---

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

As to petitioner's motion to reopen based on changed country conditions, the panel first noted that petitioner waived review of the Board's determination that he failed to establish prima facie eligibility for asylum, withholding, or CAT protection. Observing that petitioner's motion to reopen failed on this ground alone, the panel nevertheless concluded that the agency did not abuse its discretion in concluding that petitioner did not sufficiently demonstrate materially changed country conditions in Mexico to excuse the untimely filing of his motion.

**COUNSEL**

Nikhil M. Shah, Marina Del Rey, California, for Petitioner.

Jessica A. Dawgert, Senior Litigation Counsel; Lori B. Warlick, Trial Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

**OPINION**

BRESS, Circuit Judge:

The petitioner in this case filed a motion to reopen his immigration proceedings over sixteen years after the statutory deadline for doing so had passed. He principally argues that the deadline should be equitably tolled because he allegedly received ineffective assistance of counsel when his prior lawyers did not file earlier motions to reopen on his behalf, even though those motions too would have been untimely.

We hold that the Board of Immigration Appeals (BIA) did not abuse its discretion in rejecting petitioner's argument. Petitioner has not shown that his prior counsel acted deficiently in not filing untimely motions to reopen, nor has he demonstrated prejudice. We further hold that the BIA did not err in declining to allow petitioner's untimely motion to reopen based on allegedly changed country conditions in Mexico. We therefore deny the petition for review.

I

It appears that the petitioner's real name is Carlos Brito, but he also uses the alias Juan Hernandez-Ortiz. We will refer to him as "petitioner." Petitioner is a native and citizen of Mexico. In 1987, petitioner entered the United States without permission. In late January 1997, he was arrested for driving under the influence. He was placed in immigration custody shortly thereafter and then removed to Mexico.

A few days later, petitioner attempted to reenter the United States using a falsified lawful permanent resident

card bearing the name "Juan Hernandez-Ortiz." Immigration officers discovered the fraud and initiated removal proceedings. On February 3, 1997, an Immigration Judge (IJ) ordered petitioner removed. Petitioner waived his right to appeal and was returned to Mexico. He remained there for approximately two weeks before once more reentering the United States without permission. Petitioner has remained here since that time.

At some point after he last reentered in February 1997, petitioner contacted William Siebert, an attorney, for legal advice concerning his immigration status. Petitioner does not provide much detail about what he told Siebert concerning his personal circumstances, nor does he identify when he first consulted Siebert. He only says in a declaration supporting his motion to reopen that he did so "as soon as I had the opportunity." According to petitioner, Siebert told him that "he couldn't do anything and that I should wait for a change in the law."

Then, in 2001, Siebert informed petitioner that he was newly eligible for a labor certification, which Siebert conveyed could lead to petitioner obtaining lawful permanent residence status. Siebert requested the certification for petitioner, which was approved in 2006. Siebert then filed an adjustment of status application with the United States Citizenship and Immigration Services (USCIS). Petitioner reports that in January 2010, USCIS denied the application due to his departures outside the United States, his use of a fraudulent document to seek reentry, and his removal order.

Petitioner later retained new counsel, Lisa Ramirez (although petitioner again provides limited information in his declaration about what he told her). Ramirez assisted

petitioner in filing a motion to reopen his application for adjustment of status.  USCIS denied this request as well.

On July 10, 2013, petitioner, now represented by a third attorney, filed a motion to reopen his 1997 removal proceedings so that he could file applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  In claiming he was eligible for relief, petitioner principally contended that he feared Mexican drug cartels would associate him with law enforcement and persecute him on that basis because as a teenager interested in a potential career in law enforcement, he "shadowed" his police officer brother-in-law.  Petitioner claims that during these ride-alongs, he witnessed law enforcement operations against cartel members and provided assistance to the police at his brother-in-law's direction.

Although his motion to reopen was untimely by over sixteen years, petitioner claimed that he was entitled to equitable tolling because he had received ineffective assistance of counsel.  Specifically, he objected to Siebert's and Ramirez's failures to move to reopen his removal proceedings earlier so that he could apply for relief from removal then.  Petitioner also argued that changed country conditions in Mexico excused the deadline.

The IJ denied petitioner's motion to reopen.  The IJ explained that petitioner had not shown ineffective assistance of counsel because Siebert's and Ramirez's decisions were reasonable professional judgments, and petitioner had not demonstrated prejudice.  The IJ further found that petitioner had not shown changed country conditions in Mexico.  Thus, petitioner's motion was "untimely and does not merit *sua sponte* reopening."  The BIA adopted and affirmed the IJ's decision and dismissed

petitioner's appeal. Petitioner filed this timely petition for review.

II

We have jurisdiction under 8 U.S.C. § 1252 and review the BIA's denial of a motion to reopen for an abuse of discretion. *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017). Under this standard of review, we must uphold the agency's decision unless it is "arbitrary, irrational, or contrary to law." *Id.* (quotation omitted). When the BIA adopts the IJ's decision, "we review the BIA's decision and those parts of the IJ's decision upon which it relied." *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021). We review the agency's factual findings for substantial evidence. *Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016).

Under our immigration laws, "[a]n alien ordered to leave the country has a statutory right to file a motion to reopen his removal proceedings." *Mata v. Lynch*, 576 U.S. 143, 144 (2015); *see* 8 U.S.C. § 1229a(c)(7)(A). Subject to certain exceptions, however, a person may file only one motion to reopen, and the motion must be filed within 90 days of the removal order. *Id.* §§ 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). "Motions to reopen are disfavored due to the 'strong public interest in bringing litigation to a close.'" *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1150 (9th Cir. 2010) (per curiam) (quoting *INS v. Abudu*, 485 U.S. 94, 107 (1988)). "They are particularly disfavored in immigration proceedings, where 'every delay works to the advantage of the deportable alien who wishes merely to remain in the United States.'" *Id.* (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)).

In this case, petitioner's motion to reopen was untimely by over sixteen years.  He argues, however, that two exceptions to the 90-day deadline excuse the delay, and that he should therefore be permitted to reopen his removal proceedings and apply for asylum, withholding of removal, and CAT protection.  We conclude that the BIA did not abuse its discretion in refusing to allow the motion to reopen.

A

Petitioner first claims that the 90-day deadline should be equitably tolled because Siebert and Ramirez provided ineffective assistance of counsel by not filing motions to reopen his removal proceedings after he consulted them.  A petitioner may receive equitable tolling when "some extraordinary circumstance stood in [the petitioner's] way and prevented timely filing," and he acted with "due diligence" in pursing his rights.  *Lona v. Barr*, 958 F.3d 1225, 1230–32 (9th Cir. 2020) (quotation omitted).  Ineffective assistance of counsel can be one such "extraordinary circumstance" warranting equitable tolling.  *Id.* at 1230.

To demonstrate ineffective assistance of counsel, the petitioner must "clear several hurdles, both substantive and procedural."  *Ray v. Gonzales*, 439 F.3d 582, 587 (9th Cir. 2006).  As a procedural matter, he must satisfy the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988).  *Matter of Lozada* generally requires the petitioner to submit an affidavit to the BIA explaining the agreement with counsel, notify counsel of the allegations and allow counsel to respond, and file a complaint against counsel with the "appropriate disciplinary authorities," such as the state bar (or explain why such a complaint was not filed).  *Id.* at 639.  Here, the IJ and BIA determined that

petitioner satisfied the requirements of *Matter of Lozada*, and we therefore do not address this issue further.

On the substantive side, a petitioner alleging ineffective assistance of counsel also faces a notable burden. "[S]ince deportation and removal proceedings are civil, they are not subject to the full panoply of procedural safeguards accompanying criminal trials, including the right to counsel under the Sixth Amendment." *Lara-Torres v. Ashcroft*, 383 F.3d 968, 973 (9th Cir. 2004), *as amended*, 404 F.3d 1105 (9th Cir. 2005) (quotation omitted). Instead, the Due Process Clause of the Fifth Amendment governs, and the petitioner consequently "shoulder[s] a heavier burden of proof." *Torres-Chavez v. Holder*, 567 F.3d 1096, 1100 (9th Cir. 2009) (quotation omitted).

Under the Fifth Amendment, the petitioner must demonstrate that counsel's conduct was "egregious," *id.* at 1102, in that it rendered the proceeding "so fundamentally unfair that the alien was prevented from reasonably presenting his case," *Nehad v. Mukasey*, 535 F.3d 962, 967 (9th Cir. 2008) (quotation omitted). The petitioner must also show "substantial prejudice," meaning that counsel's performance was so inadequate that "the outcome of the proceeding may have been affected by the alleged violation." *Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020) (quotation omitted); *see also Nehad*, 535 F.3d at 967.

The "egregious" circumstances in which we have found ineffective assistance of immigration counsel to violate due process typically involve situations in which counsel's conduct effectively prevented the petitioner from pursuing relief. For example, we have held that it was ineffective assistance for an attorney to tell his clients the wrong date for their removal hearing, causing them to miss it and be ordered removed on that basis. *Lo v. Ashcroft*, 341 F.3d 934,

935–36 (9th Cir. 2003); *see also Lopez v. INS*, 184 F.3d 1097, 1098, 1100 (9th Cir. 1999) (similar); *Salazar-Gonzalez v. Lynch*, 798 F.3d 917, 919–22 (9th Cir. 2015) (counsel gave "patently erroneous and legally dead wrong advice" that led to petitioner's forfeiture of appeal of IJ's decision). Likewise, it may constitute ineffective assistance for counsel, inadvertently or without justification, to cause the petitioner's application for relief to be denied on purely procedural grounds for failure to file required documents. *See, e.g.*, *Correa-Rivera v. Holder*, 706 F.3d 1128, 1130, 1133 (9th Cir. 2013) (counsel did not act for months after informing the IJ that he would submit an application for cancellation of removal); *Singh v. Ashcroft*, 367 F.3d 1182, 1184–86 (9th Cir. 2004) (counsel "did not attempt to file a brief until nearly twenty months after the filing deadline"); *Castillo-Perez v. INS*, 212 F.3d 518, 526 (9th Cir. 2000) (similar). The same can be true for counsel's careless failure to notice a timely appeal of an adverse decision. *See, e.g.*, *Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1045–46 (9th Cir. 2000); *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 822, 825–26 (9th Cir. 2003). Egregious fraud on the client by unscrupulous attorneys (or individuals pretending to be attorneys) can qualify as ineffective assistance as well. *See, e.g.*, *Ray*, 439 F.3d at 588 (counsel received large sums of money from his client in return for "provid[ing] no substantive legal assistance whatsoever"); *Albillo-De Leon v. Gonzales*, 410 F.3d 1090, 1099 (9th Cir. 2005) (petitioner was "affirmatively deceived by a nonattorney" and "did not receive any correspondence" after paying for representation).

Conversely, when counsel does not pursue a particular course of action as a "tactical choice," she generally has not provided ineffective assistance, even if the choice turned out to be "unwise" or "to the client's detriment." *Magallanes-*

*Damian v. INS*, 783 F.2d 931, 934 (9th Cir. 1986) (quotation omitted); *see also Torres-Chavez*, 567 F.3d at 1101 (counsel's decision-making "did not fall outside the wide range of reasonable representation"); *Thorsteinsson v. INS*, 724 F.2d 1365, 1368 (9th Cir. 1984) ("[T]he Thorsteinssons' first attorney also made a tactical decision not to raise a potential defense."). The reason for this is that the Fifth Amendment sets a high bar for a due process violation, and most strategic decisions by counsel do not rise to the level of "egregious conduct that threatens the fairness of the proceeding." *Torres-Chavez*, 567 F.3d at 1100 (quotation omitted).

Thus, for example, it is generally not a due process violation under the Fifth Amendment for immigration counsel to decline to raise claims or arguments that counsel determines lack merit. *See, e.g.*, *Munoz v. Ashcroft*, 339 F.3d 950, 955 (9th Cir. 2003) (counsel advised Munoz to withdraw his application for asylum when it was not meritorious); *Torres-Chavez*, 567 F.3d at 1101–02 (counsel "had no assurance" that he would be able to succeed on a particular argument). Similarly, we have held that counsel may weigh the tradeoffs between different strategies and need not pursue a strategy that could expose his client to undue risk. *See id.* at 1101–02 (counsel did not raise an argument that, if unsuccessful, could "provide a basis for an adverse inference" against the petitioner (quotation omitted)); *Magallanes-Damian*, 783 F.2d at 934 (counsel decided "to request a lengthy voluntary departure in lieu of pursuing the motion to suppress"). Counsel also does not act deficiently by not presenting cumulative evidence in support of a claim if she believes it would not change the petitioner's likelihood of success. *See, e.g.*, *Blanco v. Mukasey*, 518 F.3d 714, 722 (9th Cir. 2008) (counsel did not introduce "the testimony of a co-worker as a supporting witness [that]

would not likely have led the IJ to reach a different outcome"); *Chuen Piu Kwong v. Holder*, 671 F.3d 872, 880–81 (9th Cir. 2011) ("Counsel presented sufficient evidence in support of Kwong's claim for withholding of removal to permit the IJ to make a reasoned decision on the merits of that claim," despite the petitioner's later claims of "missing evidence").

Although these precedents do not provide exhaustive examples of what may or may not constitute ineffective assistance of counsel in immigration proceedings, they help guide our analysis of petitioner's claims in this case. Considered within this body of precedent, the BIA did not abuse its discretion in rejecting petitioner's claim that his prior attorneys performed deficiently by failing to file earlier motions to reopen his removal proceedings.

As an initial matter, petitioner has not demonstrated that either Siebert or Ramirez were in positions to file timely motions to reopen on his behalf. Petitioner does not allege, nor does the record otherwise demonstrate, that petitioner spoke with Siebert within the 90-day window in which a motion to reopen would have been timely. Petitioner averred that "as soon as I had the opportunity" after reentering the United States in February 1997, "I consulted with attorney William Siebert." But as the IJ found, this does not establish that petitioner contacted Siebert within the 90-day period. And although the IJ pointed out this gap in the record, petitioner has not identified further evidence in support of this claim, either before the BIA or this Court. As for Ramirez, petitioner retained her in 2010, long after the 90-day deadline had passed.

Petitioner identifies no authority involving comparable circumstances in which courts found immigration counsel ineffective for failure to file an untimely motion to reopen

removal proceedings, itself an already "disfavored" remedy even when filed within the statutory deadline. *Delgado-Ortiz*, 600 F.3d at 1150. Although petitioner attempts to rely on *Singh v. Holder*, 658 F.3d 879 (9th Cir. 2011), there, counsel made numerous "erroneous" and "worthless" filings and failed to seek reopening after the petitioner's marriage to a naturalized U.S. citizen, a highly significant change in circumstances that made it "possible, even likely, that the motion would have been granted." *Id.* at 883–86. Here, petitioner has not shown similarly changed circumstances or that any motion to reopen was likely to prevail. Nor does he claim that he provided any new evidence to Siebert or Ramirez that could have served as a basis to excuse the untimeliness, or that Siebert and Ramirez knew or should have known of such grounds. We note as well that petitioner's prior counsel did pursue different options on his behalf, and petitioner through his limited showing has not demonstrated error in the BIA's determination that these efforts were permissible "tactical decisions" at the time they were made.

Under the circumstances of this case, we thus cannot conclude that to avoid engaging in "egregious conduct that threatens the fairness of the proceedings," petitioner's prior lawyers were required to file untimely motions to reopen with no apparent prospect for avoiding the time bar. *Torres-Chavez*, 567 F.3d at 1100 (quotation omitted). The Fifth Amendment's due process right did not require petitioner's prior lawyers to follow a "scorched earth" strategy in which they pursued every possible avenue for relief, regardless of the legal impediments.

In any event, even if petitioner could show deficient performance, he still cannot show prejudice. *See Nehad*, 535 F.3d at 967. Most centrally, if petitioner's prior lawyers

had filed motions to reopen, they would have been in substantially the same position that petitioner is in today: filing an untimely motion to reopen immigration proceedings, with no valid basis to excuse the untimeliness. Petitioner has not explained how he was prejudiced when there is no reason to believe that prior counsel could have successfully sought reopening on petitioner's behalf. For these reasons, petitioner has not shown that prior counsel's allegedly deficient performance "may have affected the outcome of the proceedings." *Id.* (quotation omitted).[1]

## B

Petitioner also claims that the 90-day deadline for his motion to reopen is separately excused due to changed country conditions in Mexico. "There is no time limit on the filing of a motion to reopen" when the motion "is based on changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii). To prevail on such a motion, a petitioner must thus clear "four hurdles." *Agonafer*, 859 F.3d at 1204. Specifically, he must:

> (1) produce evidence that conditions have changed in the country of removal; (2) demonstrate that the evidence is material; (3) show that the evidence was not available

---

[1] Because petitioner is not entitled to equitable tolling for ineffective assistance of counsel, we need not address his argument that he exercised due diligence in pursuing his rights. Petitioner has also not claimed that the BIA committed legal error in denying *sua sponte* reopening, and so has forfeited any such challenge. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

> and would not have been discovered or
> presented at the previous hearings; and
> (4) demonstrate . . . prima facie eligibility for
> the relief sought.

*Id.* (quotation omitted).

Petitioner claims that he meets this standard because he now qualifies for asylum, withholding of removal, and CAT relief. He argues that if he is returned to Mexico, he will be persecuted on account of his membership in a particular social group, *see* 8 U.S.C. §§ 1101(a)(42)(A), 1231(b)(3), consisting of "individuals who are associated with the police and law enforcement in Mexico and who are at war with criminal elements there." He points specifically to the fact that when he was a teenager living in Mexico, members of drug cartels threatened and harassed him because he was involved in police activities with his brother-in-law. Petitioner further alleges that, since his removal proceedings in 1997, there has been "an increase in violence" and "a high level of incompetence and corruption among the law enforcement in Mexico making the state unable or unwilling to help [him]." In support of this argument, petitioner submitted various articles on cartel-related violence against police officers in Mexico.

The agency concluded that petitioner had not demonstrated prima facie eligibility for asylum, withholding of removal, and CAT protection. Specifically, it rejected petitioner's proposed particular social group as not legally cognizable, and it also found that petitioner had not shown that the Mexican government would target him or acquiesce to his torture. Petitioner has not argued that these determinations were error, and so has forfeited any such challenge. *Martinez-Serrano*, 94 F.3d at 1259. Thus, his

motion to reopen fails on this ground alone. *See Agonafer*, 859 F.3d at 1204.

Regardless, the agency did not abuse its discretion in concluding that petitioner did not sufficiently demonstrate changed country conditions in Mexico. Petitioner's evidence of the alleged threats and harassment from drug cartels was "available" in 1997 and could have been "discovered or presented" in his initial removal proceedings. 8 U.S.C. § 1229a(c)(7)(C)(ii). Thus, the BIA could conclude that this evidence was insufficient to justify reopening.

In addition, although petitioner submitted recent articles reporting violence against law enforcement in Mexico, those reports do not suffice to establish changed country conditions because they do not show that "circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim" now does. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (quotation omitted); *Rodriguez v. Garland*, 990 F.3d 1205, 1210 (9th Cir. 2021) ("General references to 'continuing' or 'remaining' problems is not evidence of a *change* in a country's conditions."). Petitioner has not demonstrated that violence against law enforcement officers in Mexico has materially changed since 1997, or that these articles are relevant to him given that he did not work in law enforcement and was at best perceived as affiliated with law enforcement when he was a teenager. *See Ramirez-Munoz*, 816 F.3d at 1229 (denying petition for review because the evidence "points to troubling accounts of violence and kidnaping in Mexico," but does not "specifically show that violent individuals are targeting" persons in petitioners' proposed social group). To show changed country

conditions, petitioner must do more than point to incidents concerning differently situated individuals.

The only other new evidence petitioner brings forward post-dating his 1997 removal proceedings consists of his assertion that, during the two-week period when he was in Mexico immediately following his removal order, his parents told him that his "life was in danger" and that one of his uncles wanted to take his father's property. But the IJ and BIA could reasonably conclude that this dated evidence was insufficient, both because it was vague and largely pertained to a personal dispute. *See Rodriguez*, 990 F.3d at 1211 ("[A] change in personal circumstances alone is not sufficient to support a motion to reopen his removal proceedings."); *Feng Gui Lin v. Holder*, 588 F.3d 981, 986 (9th Cir. 2009) (declining to find changed country circumstances when the petitioner's evidence was insufficiently specific). Thus, the agency did not abuse its discretion in determining that petitioner had not shown changed country conditions in Mexico.[2]

\* \* \*

For the foregoing reasons, the petition for review is

**DENIED.**

---

[2] Petitioner also claims that he suffered a due process violation when an immigration officer allegedly gave him false information in 1997 that caused him to waive appeal of his removal order. The BIA concluded that petitioner "has not provided sufficient details of his conversation with [the] immigration officer to show that he was misled or coerced into accepting an exclusion order." Petitioner has not demonstrated error in that finding.