**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 28 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SOKHON NELMS, AKA Sokhon Khourn, | No. 18-71922 |
| Petitioner, | Agency No. A099-292-630 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2023[**]

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Sokhon Nelms, a native and citizen of Cambodia, petitions for review of the

Board of Immigration Appeals' ("BIA") dismissal of her appeal from the

Immigration Judge's ("IJ") denial of her motion to reopen. The BIA dismissed

Nelms's appeal because her motion to reopen was untimely and she did not qualify

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for the changed country conditions exception to the filing deadline because 1) she did not show a material change in country conditions in Cambodia and 2) she did not show that she was prima facie eligible for asylum, withholding of removal, or Convention Against Torture protection ("CAT"), the ultimate forms of relief she sought. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 800 (9th Cir. 2022). The agency abuses its discretion when its decision is "arbitrary, irrational, or contrary to law." *Id.* (citation omitted).

A noncitizen ordered removed has a statutory right to file a motion to reopen within ninety days of the date of their final removal order. 8 U.S.C. § 1229a(c)(7)(C)(i). Nelms filed her motion to reopen on October 31, 2017, approximately ten months after her removal order became administratively final on January 3, 2017. Her motion is therefore untimely unless she meets the changed country conditions exception.

There is no time limit for a motion to reopen where the motion "is based on changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." *Id.* § 1229a(c)(7)(C)(ii). To qualify for this

2

exception the petitioner must, among other things, demonstrate prima facie eligibility for the underlying relief sought. *Agonafer v. Sessions*, 859 F.3d 1198, 1204 (9th Cir. 2017). "Prima facie eligibility for relief is established when the evidence reveals a reasonable likelihood that the statutory requirements for relief have been satisfied." *Sarkar v. Garland*, 39 F.4th 611, 622 (9th Cir. 2022) (citation and internal quotation marks omitted).

Nelms failed to show prima facie eligibility for asylum, withholding, or CAT. To qualify for asylum absent past persecution, a petitioner must demonstrate a well-founded fear of future persecution. *Id.* For withholding of removal and CAT, respectively, a petitioner must show that they are more likely than not to suffer persecution or torture. *Id.* at 622-23. Nelms has not previously suffered persecution in Cambodia, and she did not demonstrate that it is reasonably likely that she has a well-founded fear of persecution or that she is more likely than not to suffer persecution or torture there.

At most, her evidence shows that her marriage to a U.S. immigration officer and her conviction for witness tampering appeared in the Cambodian media and that she has received reports that people would hurt her if she stayed with her husband and phone calls accusing her of being a U.S. government spy. Nelms does not specifically allege that any of the threats originated in Cambodia. Many, and maybe all, of the threats or accusations

3

she received came from within the United States. She also cites lists and emails supposedly showing deportees to Cambodia who allegedly want to hurt her and her husband because her husband caused them to be deported. However, the source of the lists is uncertain and there is no indication that anyone listed has expressed a desire to harm her or her husband or even that they know about her husband's role in their deportation. Finally, the Human Rights Report she includes sheds little light on her situation.

On this record, we agree with the BIA that her fear of persecution and torture in Cambodia is "unduly speculative." Therefore, we cannot say that the BIA abused its discretion in refusing to overturn the IJ's denial of Nelms's motion to reopen.

Because the failure to establish a prima facie case is an independently sufficient ground on which to deny a motion to reopen in this context, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), we do not address whether Nelms demonstrated changed country conditions.

Lastly, we do not have jurisdiction to review the BIA's refusal to grant sua sponte reopening because the BIA's decision did not rest on any errors of law. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

**PETITION DENIED.**

4