**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| IBRAHIM DIALLO, | No. 22-1482 |
| Petitioner, | Agency No. A205-560-809 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 21, 2023**
Portland, Oregon

Before: BENNETT, VANDYKE, and H.A. THOMAS, Circuit Judges.

Ibrahim Diallo, a citizen of Mali, petitions for review of an order of the

Board of Immigration Appeals (BIA) denying as untimely his motion to reopen

proceedings. We have jurisdiction under 8 U.S.C. § 1252. We generally review

the denial of a motion to reopen for abuse of discretion. *B.R. v. Garland*, 26

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.4th 827, 835 (9th Cir. 2022). Questions of law, however, are reviewed de novo. *Id.*

A noncitizen subject to a final order of removal "may file one motion to reopen proceedings." 8 U.S.C. § 1229a(c)(7)(A). To be timely, a motion to reopen must be "filed within 90 days of the date of entry of a final administrative order of removal." *Id.* § 1229a(c)(7)(C)(i). Diallo did not file his motion to reopen within 90 days. He nevertheless argues that we may consider his motion because (1) the 90-day deadline should be equitably tolled due to ineffective assistance of prior counsel and (2) the changed country conditions exception to the 90-day deadline applies, *see id.* § 1229a(c)(7)(C)(ii).

1.　　The BIA correctly held that Diallo had not shown ineffective assistance of prior counsel and therefore was not entitled to equitable tolling. "A claim that counsel's ineffectiveness in immigration proceedings violated due process requires a showing of inadequate performance and prejudice." *Guan v. Barr*, 925 F.3d 1022, 1033 (9th Cir. 2019) (cleaned up). To demonstrate prejudice, Diallo must show that prior counsel's performance "may have affected the outcome of the proceedings" and that he has a plausible claim for relief. *Mohammed v. Gonzales*, 400 F.3d 785, 794 (9th Cir. 2005) (citation omitted). We agree with the BIA's conclusion that Diallo "has not demonstrated that he was prejudiced."

Diallo suggests that his prior counsel's failure to submit a psychological evaluation about Diallo's memory problems could have affected the outcome of

2                                                                     22-1482

the proceedings because the evaluation may have prevented the immigration judge's (IJ) adverse credibility determination. But the IJ and BIA determined that Diallo was not eligible for relief independently of the adverse credibility determination. Diallo additionally contends that prior counsel should have submitted a country conditions expert report, evidence about his Fulani ethnicity, and a timely motion to reopen. But he does not show a plausible claim for relief even with his newly submitted evidence. Diallo does not point to any past persecution he experienced in Mali. And the evidence—including Diallo's failure to identify any harm he suffered on the bases of his ethnicity, stance against female genital mutilation, or practice of Sant Mat—does not show that Diallo could plausibly demonstrate a well-founded fear of future persecution.[1] *See Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) ("Persecution . . . is an extreme concept that means something considerably more than discrimination or harassment." (cleaned up)).

2.      The BIA did not abuse its discretion when it held that Diallo failed to show materially changed country conditions in Mali. To prevail on an untimely motion to reopen removal proceedings on the theory that country conditions have changed, Diallo must "(1) produce evidence that conditions

---

[1] As such, Diallo does not meet the heightened "clear probability" of future persecution required for withholding of removal relief. *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (citation omitted). Similarly, Diallo does not meet the "more likely than not" to be tortured standard required for Convention Against Torture relief, as torture is more severe than persecution. *Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020).

have changed in [Mali]; (2) demonstrate that the evidence is material; (3) show that the evidence was not available and would not have been discovered or presented at the previous hearings; and (4) demonstrate []prima facie eligibility for the relief sought." *Sarkar v. Garland*, 39 F.4th 611, 621 (9th Cir. 2022) (quoting *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 804 (9th Cir. 2022)).

Because Diallo has not shown that he could make out a plausible claim of relief, he has also failed to demonstrate prima facie eligibility for such relief. Additionally, Diallo has not demonstrated that any changed conditions are material; the evidence he introduced—including a declaration, psychological evaluation, expert report, organizational reports, and news articles—does not describe any changed country conditions with "individualized relevancy." *Id*. at 622 (quoting *Najmabadi v. Holder*, 597 F.3d 983, 989 (9th Cir. 2010)). As such, Diallo has not met his burden of showing that any changed conditions result in a "predicament [that] is appreciably different from the dangers faced by [his] fellow citizens." *Id*. at 622 (second alteration in original) (quoting *Najmabadi*, 597 F.3d at 990).

**PETITION DENIED.**[2]

---

[2] We also deny as moot Diallo's motion for a stay of removal pending appeal.