**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 13 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

HUNG DUC NGUYEN,

        Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No. 22-1942

Agency No.
A042-204-908

MEMORANDUM*

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2023**
San Francisco, California

Before: FORREST and MENDOZA, Circuit Judges, and OLIVER, District
Judge.***

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\*     The Honorable Solomon Oliver, Jr., United States Senior District
Judge for the Northern District of Ohio, sitting by designation.

Petitioner Hung Duc Nguyen, a native and citizen of Vietnam, petitions for review of an order by the Board of Immigration Appeals ("BIA") denying his motion to reopen his removal proceedings. We review the denial of a motion to reopen for abuse of discretion. *Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016). Although "[w]e generally lack jurisdiction to review the BIA's denial of *sua sponte* reopening[,] . . . we retain jurisdiction to review any underlying legal or constitutional errors." *Lara-Garcia v. Garland*, 49 F.4th 1271, 1277 (9th Cir. 2022) (citing *Bonilla v. Lynch*, 840 F.3d 575, 585–87 (9th Cir. 2016)). For the following reasons, we deny Nguyen's petition in part and dismiss it in part.

I.

In 1998, an immigration judge found Nguyen removable based on Nguyen's 1994 conviction of burglary under California Penal Code Section 459. On appeal, the BIA affirmed because Nguyen, "through counsel, admitted to the factual allegations and conceded to being subject to removal as charged" and had "sought no forms of relief" before the immigration judge.[1]

In 2022, Nguyen moved to reopen his removal proceedings. The BIA denied the motion as untimely and not subject to equitable tolling, and it declined to reopen the proceedings *sua sponte*. Nguyen timely filed the instant petition for

---

[1] Nguyen has remained in the United States under an order of supervision.

review, arguing that the BIA erred in finding his motion untimely and otherwise abused its discretion by declining to reopen his removal proceedings *sua sponte*.

## II.

A motion to reopen must generally be filed within 90 days of a final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i). "A petitioner may receive equitable tolling when 'some extraordinary circumstance stood in the petitioner's way and prevented timely filing,' and he acted with 'due diligence' in pursuing his rights." *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 801 (9th Cir. 2022) (quoting *Lona v. Barr*, 958 F.3d 1225, 1230–32 (9th Cir. 2020)) (brackets omitted).

Nguyen filed his motion to reopen more than twenty years after he was ordered removed. Implicitly invoking the doctrine of equitable tolling, Nguyen argues that the BIA erred in finding his motion untimely because, per intervening Supreme Court precedent, a conviction under California Penal Code Section 459 would no longer serve as a bar to Nguyen's application for asylum and withholding of removal. But the cases on which Nguyen relies—*Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) and *Descamps v. United States*, 570 U.S. 254 (2013)—were issued years before Nguyen moved to reopen, and he makes no showing that he acted with due diligence in pursuing his rights after those decisions were issued. The BIA therefore did not err in rejecting Nguyen's request for equitable tolling.

Nor has Nguyen established that the BIA erred in denying his request that the BIA reopen his proceedings *sua sponte*. The BIA denied that request on the grounds that Nguyen was "ordered removed more than 24 years ago, based on a serious felony conviction," and Nguyen "filed the present motion . . . many years after the change in law on which he relies as a basis for the motion." We find no legal or constitutional error in the BIA's analysis that would vest this court with jurisdiction to disturb the BIA's denial of *sua sponte* reopening. *Cf. Lara-Garcia*, 49 F.4th at 1278, 1281 (exercising jurisdiction over petition for review of denial of motion to reopen *sua sponte* based on the BIA's misreading of Ninth Circuit and Supreme Court precedent, and remanding for further proceedings).

Nguyen argues that the BIA committed legal error by "deviat[ing] from established practices and procedures" with respect to granting untimely motions to reopen in cases where the underlying conviction was vacated. But we have rejected adopting such a "settled course" exception permitting review of the BIA's exercise of its *sua sponte* authority. *Lona*, 958 F.3d at 1238 ((citing *Schilling v. Rogers*, 363 U.S. 666, 674–75 (1960)). Even if we were to accept the premise that the BIA's departure from an established practice amounts to legal error, Nguyen has neither alleged that his conviction was vacated nor demonstrated that the BIA has an established practice of granting untimely motions to reopen in cases where the petitioner's underlying conviction has not been vacated. Accordingly, Nguyen

has failed to establish that the BIA erred in declining to reopen his removal proceedings *sua sponte*.

**PETITION DENIED IN PART AND DISMISSED IN PART.**