**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CELIA TORRES-MEDINA,

        Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No. 23-311

Agency No.
A200-975-675

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 24, 2024[**]
Pasadena, California

Before: IKUTA, R. NELSON, and BRESS, Circuit Judges.

Celia Torres-Medina, a native and citizen of Mexico, petitions for review of

an order from the Board of Immigration Appeals (BIA) denying her motion to

reopen. We have jurisdiction under 8 U.S.C. § 1252(a)(1) and (b)(6), and we deny

the petition for review.

---

      [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review "the BIA's denial of a motion to reopen for an abuse of discretion." *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 800 (9th Cir. 2022). We "must uphold the agency's decision unless it is arbitrary, irrational, or contrary to law[,]" and we "review the agency's factual findings for substantial evidence." *Id.* (cleaned up).

The BIA did not abuse its discretion in holding that the deadline for Torres-Medina to file her untimely motion to reopen was not subject to equitable tolling. Torres-Medina has not demonstrated that any deception, fraud, or error by her prior counsel justified her untimely filing, and the BIA did not abuse its discretion in concluding that Torres-Medina had not exercised "all due diligence." *Perez-Camacho v. Garland*, 54 F.4th 597, 606 (9th Cir. 2022). Moreover, the BIA did not abuse its discretion in denying Torres-Medina's separate argument that her failure to learn about her mental health diagnosis until March 16, 2021 warranted equitable tolling, because Torres-Medina was aware of her mental health issues throughout her proceedings and received treatment from 2013 onwards. As Torres-Medina's motion to reopen is untimely and not subject to equitable tolling, we do not address her arguments on the merits of the motion to reopen.

**PETITION DENIED.**