**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KAIBINUER YUSUFUJIANG,

               Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No.   19-72001

Agency No. A208-227-317

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2024[**]
Pasadena, California

Before:  BYBEE, IKUTA, and BADE, Circuit Judges.

    Kaibinuer Yusufujiang petitions for review of the order of the Board of

Immigration Appeals dismissing his appeal of an immigration judge's denial of a

motion to reopen removal proceedings held in absentia.  We have jurisdiction

---

    [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252.  We review the denial of a motion to reopen for abuse of discretion, *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 800 (9th Cir. 2022), and we deny the petition for review in part and dismiss it in part.

The agency did not abuse its discretion by denying Yusufujiang's motion to reopen based on lack of notice.  Neither Yusufujiang's nor his attorney's declarations of non-receipt were enough to overcome the presumption of delivery where Yusufujiang acknowledged receiving other documents at the same address and failed to exert due diligence.  *See* 8 U.S.C. § 1229(c); *Sembiring v. Gonzales*, 499 F.3d 981, 988–90 (9th Cir. 2007); *Perez-Portillo v. Garland*, 56 F.4th 788, 794–95 (9th Cir. 2022).

Yusufujiang's contention that exceptional circumstances warrant reopening pursuant to the Board's sua sponte authority under 8 C.F.R. § 1003.2(a) raises discretionary rather than legal issues.  Therefore, we lack jurisdiction to review the agency's refusal to exercise its authority to reopen the proceedings.  *See Lona v. Barr*, 958 F.3d 1225, 1232–34 (9th Cir. 2020).

**PETITION FOR REVIEW DENIED IN PART AND DISMISSED IN PART.**

2