NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE ALBERTO VILLALTA CLIMACO,
REINA LETICIA CRUZ REYES,
JOSE MIGUEL VILLALTA CRUZ,

          Petitioners,

  v.

PAMELA BONDI, Attorney General,

          Respondent.

No. 24-1136

Agency Nos.
A220-795-894
A220-795-895
A220-795-896

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2025[**]
Pasadena, California

Before: RAWLINSON, MILLER, and JOHNSTONE, Circuit Judges.

    Jose Alberto Villalta Climaco (Villalta Climaco), a native and citizen of El

Salvador, petitions for review of a decision of the Board of Immigration Appeals

(BIA) dismissing his appeal from an order of an Immigration Judge (IJ) denying

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1] We deny the petition.

When the BIA adopts the IJ's decision, we review both the BIA's decision and the IJ's decision. *See Hernandez-Ortiz v. Garland*, 32 F.4th 794, 800 (9th Cir. 2022). We review factual findings under the deferential standard of substantial evidence, *i.e.*, only "evidence [that] compels a conclusion contrary to the BIA's" warrants granting a petition for review. *Singh v. Bondi*, 130 F.4th 1142, 1148 (9th Cir. 2025) (citation omitted).

1.      Substantial evidence supports the denial of Villalta Climaco's asylum and withholding of removal claims on the basis that he did not establish the Salvadoran government is unwilling or unable to protect him. Salvadoran authorities "arrested, prosecuted, and incarcerated the gang members who assaulted" Villalta Climaco, indicating their willingness and ability to protect victims of crime. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (concluding that the petitioner failed to demonstrate government acquiescence when the police took reports regarding the petitioner's complaint and investigated the threats he reported).

2.      To receive relief under the CAT, a petitioner must establish that (1) "it is more likely than not that he . . . would be tortured if removed," *Hernandez v.*

---

[1] Villalta Climaco's wife and son were derivative beneficiaries on his application.

*Garland*, 52 F.4th 757, 768-69 (9th Cir. 2022), and (2) "that [the] torture [would] be inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in official capacity." *Edgar G.C. v. Bondi*, 136 F.4th 832, 845 (9th Cir. 2025), *as amended*. "All evidence relevant to the probability of future torture must be considered, including . . . country conditions." *Barajas-Romero v. Lynch*, 846 F.3d 351, 361 (9th Cir. 2017) (footnote reference omitted). The threat of torture must be "particularized." *Gutierrez v. Garland*, 106 F.4th 866, 880 (9th Cir. 2024) (citation omitted).

Substantial evidence supports the agency's determination that Villalta Climaco did not establish a particularized threat of torture. Villalta Climaco failed to establish that it is more likely than not that he would be tortured if returned to El Salvador, or that Salvadoran officials would acquiesce to his torture. The BIA observed that the evidence in the record "describes conditions of general violence, strife, and crime in El Salvador," rather than a threat of torture directed toward Villalta Climaco in particular. *See Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) ("The record must show that it is more likely than not that the petitioner will face a *particularized* and *non-speculative* risk of torture."); *see also Flores-Vega v. Barr*, 932 F.3d 878, 887 (9th Cir. 2019) (observing that "generalized evidence of violence and crime" in a country "is insufficient to meet the CAT standard") (citation and alteration omitted).

**PETITION DENIED.**