NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILFIDO NOLBERTO CORTEZ-
ESTEBAN; KEYRA ISSA SUSANA
CORTEZ-CALDERON,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-221

Agency Nos.
A201-967-661
A201-967-662

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2025[**]
San Francisco, California

Before: RAWLINSON, MILLER, and SANCHEZ, Circuit Judges.

Wilfido Nolberto Cortez-Esteban and his child, Keyra Issa Susana Cortez-

Calderon (together, Petitioners), natives and citizens of Guatemala, petition for

review of a decision of the Board of Immigration Appeals (BIA) dismissing their

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1

appeal from an order of an immigration judge (IJ) denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition.

"When the BIA adopts the IJ's decision, we review the BIA's decision and those parts of the IJ's decision upon which it relied. . . ." *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 800 (9th Cir. 2022) (citation omitted). We review the BIA's legal conclusions de novo, *see Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021), and its factual findings under the deferential standard of substantial evidence; only "evidence [that] compels a conclusion contrary to the BIA's" warrants granting a petition for review. *Singh v. Bondi*, 130 F.4th 1142, 1148 (9th Cir. 2025) (citation omitted). The standard of review applied to nexus determinations remains unsettled. *See Aleman-Belloso v. Bondi*, 128 F.4th 1031, 1040 & n. 2 (9th Cir. 2024), *as amended*.

**1**. Even under de novo review, the BIA did not err in determining that Petitioners failed to "establish the requisite nexus between the claimed persecution and any protected ground for purposes of asylum or statutory withholding of removal." *See Corpeno-Romero v. Garland*, 120 F.4th 570, 580 (9th Cir. 2024) (explaining that for asylum a petitioner is required to show that a protected ground is "one central reason" for the persecution, and for withholding of removal that a protected ground is "a reason"). The record makes clear that the BIA correctly

determined that the threats to Petitioners were "motivated by retribution for [Cortez-Esteban] reporting the theft [of his vehicle] to the police and general criminal violence." Therefore, Petitioners cannot show that a protected ground was either a reason or one central reason for their alleged persecution. *See Wilkinson*, 988 F.3d at 1144-45 (noting that "purely personal retribution is not persecution on account of a protected ground") (citation, alteration, and internal quotation marks omitted).

2.      To obtain relief under the CAT, a petitioner must establish that (1) "it is more likely than not that he . . . would be tortured if removed," *Hernandez v. Garland*, 52 F.4th 757, 768-69 (9th Cir. 2022) (citation omitted), and (2) "that [the] torture [would] be inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Edgar G.C. v. Bondi*, 136 F.4th 832, 845 (9th Cir. 2025), *as amended* (citation omitted). The threat of torture must be "particularized." *Gutierrez v. Garland*, 106 F.4th 866, 880 (9th Cir. 2024) (citation omitted).

Substantial evidence supports the agency's determination that Cortez-Esteban failed to establish that it is more likely than not that Petitioners would be tortured if removed to Guatemala, or that Guatemalan officials would acquiesce to their torture. Cortez-Esteban's wife and other family members have remained unharmed in Guatemala, and Petitioners offer no evidence that their alleged

**3**

persecutor retains any interest in them. In addition to his testimony regarding the threats, Cortez-Esteban offered articles and reports discussing political corruption, generalized violence, violence against women, and human rights violations in Guatemala. However, this evidence was not particularized as to Petitioners. *See Garcia-Milan v. Holder*, 755 F.3d 1026, 1034-35 (9th Cir. 2014), *as amended* (explaining that an inability to control generalized violence does not establish government acquiescence).

3.    Finally, we conclude that Petitioners' due process rights were not violated, as the agency considered all the evidence presented by Petitioners and addressed all their claims. *See Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021) (explaining that there is no due process violation if a petitioner is given a "full and fair hearing of his claims and a reasonable opportunity to present evidence on his behalf") (citation omitted).

**PETITION DENIED.**[1]

---

[1] The stay of removal will remain in place until the mandate issues. The motion for stay of removal (Dkt. #2) is otherwise denied.