NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 26 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SAMUEL AVILA-MORALES,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-2054

Agency No.
A044-570-165

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 17, 2025
Seattle, Washington

Before: W. FLETCHER, PAEZ, and DESAI, Circuit Judges.

Samuel Avila-Morales petitions for review of a denial by the Board of

Immigration Appeals (BIA) of his motion to reopen his order of removal. We have

jurisdiction under 8 U.S.C. § 1252(a)(2)(D). We review denial of a motion to reopen

for abuse of discretion, which occurs when the BIA's decision is "arbitrary,

irrational, or contrary to law." *Avagyan v. Holder*, 646 F.3d 672, 678 (9th Cir. 2011)

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

(citation omitted). We grant the petition for review, hold that equitable tolling applies, and remand for further proceedings.

"A petitioner may receive equitable tolling when some extraordinary circumstance stood in [the petitioner's] way and prevented timely filing, and he acted with due diligence in pursuing his rights." *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 801 (9th Cir. 2022) (internal quotations and citation omitted). "We do not require petitioner to act with the 'maximum diligence possible'—only 'due' or 'reasonable' diligence." *Avagyan*, 646 F.3d at 679 (citations omitted). In assessing diligence, we consider three issues: first, "if (and when) a reasonable person in petitioner's position would suspect the specific fraud or error underlying her motion to reopen"; second, "whether petitioner took reasonable steps to investigate the suspected fraud or error, or, if petitioner is ignorant of counsel's shortcomings, whether petitioner made reasonable efforts to pursue relief"; and third, "when the tolling period should end; that is, when petitioner definitively learns of the harm resulting from counsel's deficiency, or obtains vital information bearing on the existence of his claim." *Id.* (internal quotations and citations omitted).

The BIA abused its discretion by finding that Avila-Morales failed to show diligence. Taken together, the evidence and circumstances in this case establish that Avila-Morales "made reasonable efforts to pursue relief" in a timely fashion. *Avagyan*, 646 F.3d at 679 (internal quotations and citations omitted). Though the

BIA faulted Avila-Morales for not pursuing relief before a legal avenue for relief became available, a petitioner is not required to seek futile relief to show diligence. *Id*.

The "tolling period should end" when a petitioner "obtains vital information bearing on the existence of his claim." *Id.* at 679. Here, Avila-Morales's motion to reopen relies upon vacatur of the conviction that was the basis of his removal order. Avila-Morales obtained this "vital information" when the California Superior Court vacated the conviction on August 23, 2019. Avila-Morales filed his motion to reopen within 90 days of this date, and his motion to reopen was therefore timely.

We grant the petition for review and remand for consideration of the merits of Avila-Morales's motion.

**PETITION FOR REVIEW GRANTED.** The motions for judicial notice at **Dkt. No. 22** and **43** are **GRANTED.**