NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 9 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ALBERTO JIMENEZ-MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-3313<br><br>Agency No.<br>A076-743-387<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2026**
Phoenix, Arizona

Before: HAWKINS, BYBEE, and FRIEDLAND, Circuit Judges.

Petitioner Jose Alberto Jimenez-Martinez ("Jimenez-Martinez") seeks review

of an order of the Board of Immigration Appeals ("BIA") affirming the Immigration

Judge's ("IJ") denial of his motion to reopen. Reviewing for abuse of discretion,

*Avagyan v. Holder*, 646 F.3d 672, 678 (9th Cir. 2011), we deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Petitioner was initially removed in 1999 after conceding removability as charged and waiving appellate review on the advice of his then counsel, Dorothea Kraeger. Jimenez-Martinez engaged another attorney in 2004 who helped him file an application for readmission, which was denied in 2005. Jimenez-Martinez filed the current motion to reopen on October 31, 2023, over twenty-four years after the initial deportation order.

Jimenez-Martinez's motion to reopen is untimely, but he sought equitable tolling based on ineffective assistance of counsel. "A petitioner may receive equitable tolling when some extraordinary circumstance stood in the petitioner's way and prevented timely filing, and he acted with due diligence in pursuing his rights." *See Lara-Garcia v. Garland*, 49 F.4th 1271, 1277 (9th Cir. 2022) (quoting *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 801 (9th Cir. 2022)).

The BIA did not abuse its discretion in holding Jimenez-Martinez failed to act with sufficient diligence. He offers little to no explanation for waiting five years before consulting with an attorney in 2004 (for a different form of relief), and then nearly twenty more years before again seeking advice and bringing this motion to reopen regarding the initial 1999 order. *See, e.g.*, *Magana-Magana v. Bondi,* 129 F.4th 557, 574-75 (9th Cir. 2025) (motion to reopen "was not simply slightly late due to circumstances outside of her control—to the contrary, it was *years* late"); *see also Bonilla v. Lynch,* 840 F.3d 575, 583 (9th Cir. 2016).

24-3313

**PETITION DENIED.**