NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WAYNER BAUDILIO CANO-CARDONA, Petitioner, v. TODD BLANCHE, Acting Attorney General, Respondent. | No. 20-71270 20-73212 Agency No. A208-197-151 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 31, 2026**
San Francisco, California

Before: FRIEDLAND, MILLER, and COLLINS, Circuit Judges.

Wayner Cano-Cardona, a native and citizen of Guatemala, petitions for review of two decisions of the Board of Immigration Appeals. The Board first dismissed his appeal from an immigration judge's order denying his applications

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for asylum, withholding of removal, and protection under the Convention Against Torture (CAT), and later denied his motion to reopen. Additionally, Cano-Cardona seeks a remand so that he may apply for voluntary departure. We have jurisdiction under 8 U.S.C. § 1252. We deny the petitions and the request for remand.

We review the Board's factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). Substantial evidence supports a factual finding unless "any reasonable adjudicator would be compelled to conclude to the contrary" based on the evidence in the record. *Id.* (quoting *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014)); 8 U.S.C. § 1252(b)(4)(B). We review the Board's denial of a motion to reopen for abuse of discretion. *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 800 (9th Cir. 2022).

1. Cano-Cardona contends that the immigration judge lacked jurisdiction over the proceedings because his initial notice to appear did not specify the time and place of the removal hearing. Our precedent forecloses that argument. *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1190–93 (9th Cir. 2022) (en banc).

2. Substantial evidence supports the Board's denial of asylum and withholding of removal. Cano-Cardona's burden was to show that he faces persecution on account of a protected ground that is, for asylum, "one central reason," and for withholding, "a reason," for the past or feared persecution. *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021); *see* 8 U.S.C.

§§ 1158(b)(1)(B)(i), 1231(b)(3)(C). The Board sustained the immigration judge's findings that when gang members tried to recruit Cano-Cardona, "the motive of the gang was criminal" rather than Cano-Cardona's "membership in the Cano-Cardona family" or his "anti-gang political opinion." The record does not compel a contrary conclusion. The gang members who attempted to recruit Cano-Cardona also attempted to recruit his friends and did not single out Cano-Cardona based on his family membership. Cano-Cardona identifies no evidence in the record suggesting that the gang members were aware of or acted on any political opinion held by him. At most, he establishes a fear of "random violence by gang members," which "bears no nexus to a protected ground" and does not support a finding of persecution. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). And if "the agency concludes that the petitioner has not shown *any* nexus whatsoever" between his harm and a protected ground, then the petitioner fails to establish the grounds for either asylum or withholding. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023).

3. The Board's denial of CAT relief is likewise supported by substantial evidence. To obtain relief under the CAT, a petitioner must establish that "it is more likely than not that he . . . would be tortured if removed," 8 C.F.R. § 1208.16(c)(2), and that the government would consent or acquiesce in his torture, *id.* § 208.18(a)(1). The risk of torture must be "particularized and non-speculative."

3

*Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) (emphasis omitted). As the Board observed, the immigration judge found that there was no individualized evidence that Cano-Cardona would be tortured if removed to Guatemala. Cano-Cardona identifies no evidence overlooked by the Board that could remedy the deficiency.

4. The Board did not abuse its discretion in denying reopening to allow Cano-Cardona to apply for adjustment of status because Cano-Cardona failed to show that a visa was immediately available to him, a requirement of eligibility for that form of relief. 8 U.S.C. § 1255(a). Although Cano-Cardona argues that a visa is now available, he does not dispute that he did not show that a visa was immediately available to him when he sought reopening.

5. Cano-Cardona requests a remand so that he can pursue voluntary departure. He describes *Matter of M-F-O-*, 28 I. & N. Dec. 408 (B.I.A. 2021), as an "intervening decision" of the Board that offers him "the new potential relief of voluntary departure." But *Matter of M-F-O-* was decided before Cano-Cardona filed his opening brief in support of his petition for review of the Board's denial of reopening, and he could have raised his voluntary-departure argument then. By failing to do so, Cano-Cardona forfeited the argument, so we do not consider it. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022).

**PETITIONS DENIED.**