**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

ANSELMO JIMENEZ-SANTOS,

    Petitioner,

 v.

MERRICK B. GARLAND, Attorney
General,

    Respondent.

No. 21-1286

Agency No.
A201-173-679

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 22, 2023[**]
Pasadena, California

Before: RAWLINSON and BRESS, Circuit Judges, and ZOUHARY,[***]
   District Judge.

Anselmo Jimenez-Santos (Jimenez-Santos), a native and citizen of Mexico,

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

  [***]  The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

petitions for review of a Board of Immigration Appeals (BIA) decision dismissing his appeal of the denial of his application for Asylum, Withholding of Removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition for review.

"We review the BIA's factual findings underlying its determination that a petitioner failed to establish eligibility for asylum, withholding of removal, and protection under the CAT for substantial evidence." *Hussain v. Rosen*, 985 F.3d 634, 641-42 (9th Cir. 2021) (citation omitted). "We reverse the BIA only where any reasonable adjudicator would be compelled to conclude to the contrary. . . ." *Id.* at 642 (citation and internal quotation marks omitted). We review denial of a requested continuance for an abuse of discretion. *See Arizmendi-Medina v. Garland*, 69 F.4th 1043, 1051 (9th Cir. 2023).

**1.** To the extent Petitioner challenges it in his petition for review, the Immigration Judge (IJ) did not abuse his discretion in denying the continuance requested by Jimenez-Santos on the day of the scheduled hearing. The basis of the requested continuance was that Jimenez-Santos's "case fell under *Pereira v. Sessions*, 13 S. Ct. 2105 (2018)." However, as Jimenez-Santos offered no proper basis to support his argument, the IJ acted within his discretion in denying the motion. *See Blanco v. Holder*, 572 F.3d 780, 781 n.1 (9th Cir. 2009) (concluding that "the BIA did not abuse its discretion in refusing to grant Petitioner a

continuance" because the petitioner produced no evidence).

**2.** Jimenez-Santos's ineffective assistance of counsel claim is unpersuasive. Not only did he fail to comply with the requirements set forth in *Matter of Lozada*, 19 I&N 637 (BIA 1988), for raising such a claim, he has failed to establish prejudice. *See Hernandez-Ortiz*, 32 F.4th 794, 801 (9th Cir. 2022) (recognizing the requirements of compliance with *Lozada* and a showing of prejudice for claims of ineffective assistance of counsel).

**3.** Substantial evidence supports the denial of withholding of removal.[1] "A petitioner is entitled to withholding of removal if he can establish a clear probability that his life or freedom would be threatened upon return because of a protected category." *Singh v. Garland*, 57 F.4th 643, 658 (9th Cir. 2023), *as amended* (citations and internal quotation marks omitted). Jimenez-Santos does not point to any evidence in the record compelling the conclusion that his membership in the particular social group of "Mexican citizens who have lived in the United States for most of their adult life" would be "a reason" for any persecution that he would face. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

---

[1]Jimenez-Santos does not challenge in his opening brief the finding that his asylum application was untimely. *See Diaz-Rodriguez v. Garland*, 55 F.4th 697, 727 n.29 (9th Cir. 2022) (en banc) (deeming forfeited an issue that the petitioner failed to raise in his opening brief).

3                                                                21-1286

**4.** Finally, substantial evidence supports the BIA's denial of CAT relief. *See Hussain*, 985 F.3d at 641-42. Jimenez-Santos's argument that "authorities are largely ineffective at controlling the criminal population" does not establish government acquiescence. *See Garcia-Milan v. Holder*, 755 F.3d 1026, 1034-35 (9th Cir. 2014), *as amended* (noting that general ineffectiveness in preventing criminal activities does not raise an inference of government acquiescence).

**PETITION DENIED.**