**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALBERTO CASTRO
FIERRO; CAROLINA CASTRO,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1794

Agency Nos.
A075-697-365
A075-697-366

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2023[**]
Portland, Oregon

Before: GILMAN, KOH, and SUNG, Circuit Judges.[***]

Alberto Castro Fierro and Carolina Castro, natives and citizens of Mexico,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Ronald Lee Gilman, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

petition for review of the Board of Immigration Appeals' (BIA) order denying their fifth motion to reopen removal proceedings on account of ineffective assistance of counsel. Our jurisdiction is governed by 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen under the abuse of discretion standard. *See Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Petitioners' fifth motion to reopen as number-barred and untimely. *See* 8 U.S.C. § 1229a(c)(7)(A), (c)(7)(C)(i). The BIA did not err in concluding that Petitioners failed to establish the due diligence required to warrant equitable tolling of the motion's deadlines. *Avagyan*, 646 F.3d at 679 (outlining factors relevant to the due diligence inquiry). Petitioners provided no explanation in their motion to reopen or on appeal as to what "reasonable steps" they took "to investigate the suspected fraud or error" on the part of their original counsel or what "reasonable efforts" they made "to pursue relief," despite their alleged financial difficulties, between the 2006 order of removal and their 2021 motion to reopen. *See id*. Accordingly, Petitioners cannot demonstrate that the BIA's conclusion that Petitioners should have raised their ineffective assistance of counsel claim earlier in the proceedings was "arbitrary, irrational, or contrary to law." *See Hernandez-Ortiz v. Garland*, 32 F.4th 794, 800

(9th Cir. 2022).[1]

Petitioners do not assert that the BIA committed "legal or constitutional error" in denying sua sponte reopening. We thus lack jurisdiction to review the BIA's determination not to reopen proceedings sua sponte. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).[2]

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

[1] Because the untimeliness of the motion to reopen is dispositive, we need not reach Petitioners' remaining arguments. To the extent that Petitioners argue that their family circumstances had changed, this argument is deemed abandoned. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

[2] The temporary stay of removal (Dkt. 12) remains in place until issuance of the mandate.