NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 8 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LOVEPREET SINGH,<br><br>        Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No. 22-2085<br><br>Agency No.<br>A206-445-723<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2024[**]
San Francisco, California

Before: R. NELSON, FORREST, and SANCHEZ, Circuit Judges.

Petitioner Lovepreet Singh, a citizen of India, seeks review of the Board of

Immigration Appeals' (BIA) denial of his applications for asylum, withholding of

removal, and protection under the Convention Against Torture (CAT). Singh also

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

alleges the BIA abused its discretion in rejecting his ineffective assistance of counsel claim. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

1. ***Asylum and Withholding of Removal.*** To succeed on his asylum claim, Singh must prove that he "is unable or unwilling to return to his home country because of a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Udo v. Garland*, 32 F.4th 1198, 1206 (9th Cir. 2022) (citation omitted). A petitioner may establish a well-founded fear of future persecution by proving past persecution, or by demonstrating that he has a subjectively genuine and objectively reasonable fear of future persecution. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028–29 (9th Cir. 2019). A petitioner alleging past persecution, "has the burden of establishing that (1) his treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control." *Flores Molina v. Garland,* 37 F.4th 626, 633 (9th Cir. 2022) (citation omitted).

In August 2013, Indian police officers entered Singh's family home and arrested his father in front of the family. Singh believes the arrest occurred because his father had attended a separatist Shiromani Akali Dal (Amritsar) Mann Party rally the previous day. Singh's brother repeatedly visited the police station to look for their father and then disappeared himself in November 2013. The following month,

armed police came to the family home asking about Singh's father and brother, accused the men of being terrorists, slapped Singh, and called his father a "Khalistani dog."

Singh's encounters with police in India do not compel a conclusion of past persecution. While violence against an applicant's family may support a claim for asylum, *see Mashiri v. Ashcroft*, 383 F.3d 1112, 1120 (9th Cir. 2004), Singh could only speculate whether the police might be involved in his family members' disappearances. Moreover, Singh did not personally witness any physical harm to his family members.

As for his remaining claims of injury, police officers slapped Singh one time, and he did not suffer significant injury or seek medical treatment. *See Aden v. Wilkinson,* 989 F.3d 1073, 1083 (9th Cir. 2021) ("[A] one-off, minor physical assault followed by a life of unrestrained religious practice or political expression may not compel the conclusion that a person has suffered persecution . . . ."); *Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021) ("The first, and often a significant consideration, is whether the petitioner was subject to 'significant physical violence,' and, relatedly, whether he suffered serious injuries that required medical treatment." (citation omitted)).

Singh must establish a subjectively genuine and objectively reasonable well-founded fear of future persecution. *Duran-Rodriguez,* 918 F.3d at 1029. Singh did

not satisfy the objective prong of this test because he cannot point to "credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution." *Rusak v. Holder*, 734 F.3d 894, 896 (9th Cir. 2013) (quoting *Duarte de Guinac v. INS*, 179 F.3d 1156, 1159 (9th Cir. 1999)). And because Singh is unable to establish a reasonable possibility of future persecution, as required for asylum, he "necessarily fails to satisfy the more stringent [more likely than not to suffer future persecution] standard for withholding of removal." *Silva v. Garland*, 993 F.3d 705, 719 (9th Cir. 2021) (quoting *Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004)).

2. ***CAT Protection.*** To qualify for CAT protection, a petitioner must show it is "more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). Because Singh failed to demonstrate a likelihood of persecution, he necessarily cannot demonstrate a likelihood of torture, which is a more extreme form of mistreatment. *See Sharma*, 9 F.4th at 1067 ("Because the BIA could reasonably conclude that [petitioner's] past harm did not rise to the level of persecution, it necessarily falls short of the definition of torture.").

3. ***Ineffective Assistance of Counsel.*** "The right to effective assistance of counsel in immigration proceedings stems from the Fifth Amendment's guarantee of due process." *Salazar-Gonzalez v. Lynch*, 798 F.3d 917, 921 (9th Cir. 2015); *see also Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir. 1999) ("Ineffective assistance of

counsel in a deportation proceeding is a denial of due process under the Fifth Amendment if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." (citation omitted)). To prevail on an ineffective assistance of counsel claim, the petitioner must make two showings. First, the petitioner must show that his counsel's conduct was "egregious," rendering the proceeding "so fundamentally unfair that [petitioner] was prevented from reasonably presenting his case." *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 801 (9th Cir. 2022) (citation omitted). This court has typically found "egregious" circumstances where "counsel's conduct effectively prevented the petitioner from pursuing relief." *Id*. at 802. Second, the petitioner must show "substantial prejudice," meaning that counsel's deficient performance affected the outcome of the proceedings. *Id*. at 801 (citation omitted); *see also Lin v. Ashcroft*, 377 F.3d 1014, 1024 (9th Cir. 2004) (quoting *Castillo–Perez v. INS*, 212 F.3d 518, 527 (9th Cir. 2000)).

Singh cannot show that his counsel's conduct was "so fundamentally unfair that [he] was prevented from reasonably presenting his case" *and* that counsel's performance was so inadequate that it likely affected the outcome of the proceedings. *Hernandez-Ortiz*, 32 F.4th at 802. Counsel's failure to articulate Singh's membership in his family as a particular social group did not affect the outcome of his claims for relief because Singh cannot establish persecution or that

the alleged persecution was on account of his familial ties, foreclosing the possibility that his family membership could have been the basis for a successful claim. *See Lkhagvasuren v. Lynch*, 849 F.3d 800, 802 (9th Cir. 2016). This deficiency undermines his claims for relief and establishes that he was not prejudiced by his former attorney's failure to articulate family membership as a basis for Singh's claims for relief.

**PETITION DENIED.**