NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ABEL AMAYA-CORTEZ,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 23-39<br><br>Agency No.<br>A088-699-944<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 8, 2024[**]
Pasadena, California

Before: TALLMAN, FORREST, and BUMATAY, Circuit Judges.

Abel Amaya-Cortez ("Petitioner"), a native and citizen of El Salvador, seeks

review of the Board of Immigration Appeals' ("BIA") denial of his untimely motion

to reopen his removal proceedings. As the parties are familiar with the facts, we do

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

not recount them here. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

1. The BIA did not abuse its discretion by concluding that equitable tolling of the deadline to file a motion to reopen based on ineffective assistance of counsel was not warranted because Petitioner did not comply with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *See Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011) ("To qualify for equitable tolling on account of ineffective assistance of counsel, a petitioner must demonstrate . . . that he complied with the procedural requirements of *Matter of Lozada* . . . .").

Under *Lozada*,

"[a] motion based upon a claim of ineffective assistance of counsel should be supported by an affidavit of the allegedly aggrieved respondent attesting to the relevant facts . . . . includ[ing] a statement that sets forth in detail the agreement that was entered into with former counsel with respect to the actions to be taken on appeal and what counsel did or did not represent to the respondent in this regard . . . . [F]ormer counsel must be informed of the allegations and allowed the opportunity to respond. . . . [And] the motion should reflect whether a complaint has been filed with appropriate disciplinary authorities regarding such representation, and if not, why not."

19 I. & N. Dec. at 639; *see also Hernandez-Ortiz v. Garland*, 32 F.4th 794, 801 (9th Cir. 2022).

Here, Petitioner filed the underlying motion to reopen removal proceedings over ten years after the BIA issued its final removal order. Furthermore, Petitioner's affidavit failed to describe the representation agreement between him and his former

23-39

counsel, offer evidence that he informed his former counsel of his claim, or explain whether he filed a complaint against his former counsel. As such, Petitioner's filing of his motion to reopen was untimely, and further, he failed to satisfy the *Lozada* procedural requirements. *See* 8 U.S.C. § 1229a(c)(7)(A), (C) (requiring parties to file a motion to reopen removal proceedings within ninety days of the day the final administrative decision was issued). Because Petitioner did not comply with the *Lozada* requirements, the BIA did not abuse its discretion by declining to equitably toll Petitioner's untimely motion to reopen. *See Castillo-Perez v. INS*, 212 F.3d 518, 525–26 (9th Cir. 2000) (requiring "substantial compliance" with the rule of *Lozada* to present a valid claim of ineffective assistance of counsel to the BIA).

2. The BIA also denied Petitioner's motion to reopen after finding that Petitioner failed to demonstrate *prima facie* eligibility for relief because he failed to enumerate a protected ground for his feared persecution, Petitioner failed to establish materially changed conditions in El Salvador, and no exceptional circumstances existed to justify an exercise of discretion to *sua sponte* reopen Petitioner's proceedings.

Petitioner waived his right to challenge the BIA's dispositive *prima facie* eligibility determination by failing to address the issues in his opening brief. *See Don v. Gonzales*, 476 F.3d 738, 739 n.2 (9th Cir. 2007) (claims not raised or discussed in a party's opening brief are abandoned); *Martinez-Serrano v. INS*, 94

3                                                    23-39

F.3d 1256, 1259–60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived); Fed. R. App. P. 28(a)(8)(A) (requiring appellant's brief to contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). Because the BIA's *prima facie* finding was an independent basis to deny Petitioner's motion to reopen, his waiver of the issue is alone dispositive. *See Mendez-Gutierrez v. Ashcroft*, 340 F.3d 865, 869–70 (9th Cir. 2003) ("[P]rima facie eligibility for the relief sought is a prerequisite for the granting of a motion to reopen."). We note Petitioner also failed to address the BIA's *sua sponte* finding or to provide any arguments as to why the BIA abused its discretion in finding that he failed to establish materially changed conditions in El Salvador from the time he was ordered removed in 2012 to the time he filed his motion to reopen in 2022. As such, Petitioner waived his right to challenge the BIA's decision on those grounds as well.

**PETITION FOR REVIEW DENIED.**