**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALBERTO SANCHEZ-BAUTISTA, | No. 23-96 |
| Petitioner, | Agency No. A078-102-937 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 6, 2024**
Portland, Oregon

Before: RAWLINSON, FORREST, and SUNG, Circuit Judges.

Alberto Sanchez-Bautista (Sanchez-Bautista), a native and citizen of

Mexico, petitions for review of a Board of Immigration Appeals (BIA) decision

dismissing his appeal from an Immigration Judge's (IJ) order denying his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

application for withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

"Our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted. We review questions of law de novo. We review factual findings under the substantial evidence standard. Under this standard, a factual finding is not supported by substantial evidence when any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record." *Singh v. Garland*, 97 F.4th 597, 602–03 (9th Cir. 2024) (citations, alterations, and internal quotation marks omitted).

**1.** Because the BIA did not address the IJ's adverse credibility determination, we decline to address Sanchez-Bautista's arguments on this issue. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (explaining that our review is limited to the grounds relied on by the BIA). And because the BIA did not make an adverse credibility finding, we accept Sanchez-Bautista's testimony as true. *See Kumar v. Holder*, 728 F.3d 993, 998 (9th Cir. 2013).

**2.** Substantial evidence supports the denial of withholding of removal because Sanchez-Bautista did not establish a nexus between any feared harm in Mexico and a protected ground. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021). According to Sanchez-Bautista, he was harmed by gang members

on account of his Catholic faith because his religion required him to publicly dissuade people from drug use and gang violence. [1] But the record supports the conclusion that gang members targeted Sanchez-Bautista for interfering with their drug sales, not because he was Catholic. *See id.* at 1144–45 (recognizing that "purely personal retribution" and "general opposition to gangs and gang recruitment are not protected grounds") (citations and alteration omitted). Accordingly, we are not compelled to conclude that Sanchez-Bautista was harmed by gang members "because of" his religion. *Id.* at 1146 (citation omitted).

**3.** Substantial evidence also supports the BIA's denial of CAT relief. To be eligible for CAT protection, an applicant must establish that "it is more likely than not that he or she would be tortured if removed." *Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022) (citation omitted). "To constitute torture, an act must inflict severe pain or suffering, and it must be undertaken at the instigation of, or with the consent or acquiescence of, a public official." *Id.* (citation and internal quotation marks omitted). The one beating Sanchez-Bautista endured by the Mexican police did not constitute torture. Sanchez-Bautista did not describe the

---

[1] Sanchez-Bautista does not challenge the BIA's finding that Sanchez-Bautista failed to establish a nexus between his feared harm and his proposed family-based social group or his political opinion. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1080 (9th Cir. 2013) ("[T]his court will not ordinarily consider matters 'that are not specifically and distinctly argued in [petitioner's] opening brief. . . .'") (citation omitted).

beating as severe and did not testify that he sought medical treatment. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 751 (9th Cir. 2022); *see also Hernandez*, 52 F.4th at 769 (holding that "four incidents of abuse" by police officers, including punching and kicking, did not constitute past torture). Further, Sanchez-Bautista has failed to illustrate any "particularized" risks of torture if returned to Mexico. *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023). Nor did Sanchez-Bautista present evidence of government acquiescence. *See Hernandez*, 52 F.4th at 770.

**4.** Finally, the BIA did not err in dismissing Sanchez-Bautista's ineffective assistance of counsel claim, as he has not demonstrated "substantial prejudice." *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 801 (9th Cir. 2022) (citation omitted). Any ineffectiveness in counsel's preparation of Sanchez-Bautista's documents did not affect the outcome of the immigration proceedings. *See id.* In addition, after the IJ provided Sanchez-Bautista more than a year to retain new counsel, Sanchez-Bautista elected to proceed *pro se* at his merits hearing. *See Cook v. Ryan*, 688 F.3d 598, 609 (9th Cir. 2012) ("[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel") (citation and internal quotation marks omitted).

**PETITION DENIED.** [2]

---

[2] The stay of removal will remain in place until the mandate issues. The motion for stay of removal is otherwise denied.