NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 12 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

REYNA ZAVALA DE GOMEZ; IRIS
GOMEZ ZAVALA,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-2978

Agency Nos.
A208-125-663
A208-125-664

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2024[**]
San Francisco, California

Before: FRIEDLAND, MENDOZA, and DESAI, Circuit Judges.

Reyna Zavala De Gomez ("Zavala"), a native and citizen of El Salvador,

petitions for review of an order by the Board of Immigration Appeals ("BIA")

denying her motion to reopen removal proceedings. Zavala and her daughter applied

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") in 2015 alleging a fear of persecution or torture based on threats from gang members. An immigration judge denied their claims, and the BIA affirmed. Several years later, Zavala moved to reopen removal proceedings, alleging that she received ineffective assistance of counsel because her previous counsel failed to inquire about and pursue a claim based on domestic abuse she experienced in El Salvador. The BIA denied the motion to reopen as untimely, holding that Zavala did not establish she was entitled to equitable tolling. Zavala timely petitioned this court for review.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 800 (9th Cir. 2022). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

Zavala concedes that her motion to reopen was untimely, but asserts she is entitled to equitable tolling based on ineffective assistance of counsel. She can establish equitable tolling on account of ineffective assistance only if she complied with several procedural requirements, *see Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), or if the requirements are excused because ineffective assistance of counsel is plain on the face of the record, *Reyes v. Ashcroft*, 358 F.3d 592, 597 (9th Cir. 2004). Zavala failed to strictly comply with the *Lozada* requirements. Specifically, she did not notify prior counsel of the ineffectiveness claim, afford him

23-2978

an opportunity to respond, or file a complaint with a disciplinary authority. *Lozada*, 19 I. & N. Dec. at 639.

The BIA did not abuse its discretion by concluding that the *Lozada* requirements would not be excused. Zavala alleges that counsel's ineffectiveness is plain on the face of the record because he did not inquire about physical or sexual domestic violence that she suffered in El Salvador. However, it is not clear that counsel's failure to ask about domestic violence—when Zavala concedes she did not volunteer the relevant information—constitutes ineffective assistance of counsel. *See Azanor v. Ashcroft*, 364 F.3d 1013, 1023 (9th Cir. 2004) (holding that ineffectiveness was not plain on the face of the record when counsel did not inquire and the petitioner did not supply information about a potential ground for relief); *see also Tamang v. Holder*, 598 F.3d 1083, 1090–91 (9th Cir. 2010).

"[W]ithout [Zavala's] compliance with the *Lozada* elements, . . . it is impossible to determine whether [the] ineffective assistance of counsel claim has merit." *Tamang*, 598 F.3d at 1090. The BIA thus did not abuse its discretion by concluding Zavala's ineffective assistance claim was not clear from the face of the record and denying the motion to reopen as untimely.

The petition for review is **DENIED.**

23-2978