NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 19 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN BARCENAS-MORALES,<br><br>        Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No. 23-2513<br><br>Agency No.<br>A078-539-936<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 6, 2024**
Pasadena, California

Before: W. FLETCHER and CALLAHAN, Circuit Judges, and MÁRQUEZ,
District Judge.***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

Petitioner Juan Barcenas-Morales petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen removal proceedings and declining to sua sponte reopen. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of Petitioner's motion to reopen for abuse of discretion, *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 800 (9th Cir. 2022), and we review the BIA's denial of sua sponte reopening for the limited purpose of determining whether the decision rests "on a constitutionally or legally erroneous premise." *Bonilla v. Lynch*, 840 F.3d 575, 592 (9th Cir. 2016).

Petitioner's motion to reopen was untimely by over fifteen years. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within 90 days of the entry of a final order of removal). Ineffective assistance of counsel may warrant equitable tolling of the deadline for filing a motion to reopen, but only if the petitioner "acted with 'due diligence' in pursuing his rights." *Hernandez-Ortiz*, 32 F.4th at 801 (quoting *Lona v. Barr*, 958 F.3d 1224, 1230–32 (9th Cir. 2020)). Here, Petitioner did not act with due diligence: he avers that he called his attorney to check on the status of his case during the pendency of his appeal before the BIA, but he does not explain why he failed to make further inquiries, seek other legal advice, or find replacement counsel during the subsequent fifteen years. Given the lack of explanation for Petitioner's "exceedingly long" delay, the BIA did not abuse its discretion in denying equitable tolling. *Bonilla*, 840 F.3d at 583 (finding a lack of

diligence where petitioner did not explain six-year delay in seeking legal advice from another attorney).

We also find no abuse of discretion in the BIA's determination that Petitioner failed to establish prejudice from his counsel's ineffectiveness. Petitioner asserts that his former attorney's deficient performance prevented him from filing a petition for review of the denial of his application for cancellation of removal, but he fails to identify any plausible grounds for relief that he would have raised in a petition for review. *See Singh v. Holder*, 658 F.3d 879, 887 (9th Cir. 2011) ("failure to file a necessary document creates a presumption of prejudice" that is rebutted when the petitioner "lacks plausible grounds for relief"). Indeed, even if Petitioner's counsel had filed a timely petition for review, the petition would have been denied for lack of jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero-Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir. 2003) ("We lack jurisdiction to review the BIA's discretionary determination that an alien failed to satisfy the 'exceptional and extremely unusual hardship' requirement for cancellation of removal.").

Finally, the BIA identified the correct legal standard governing the exercise of its authority to sua sponte reopen immigration proceedings under 8 C.F.R. § 1003.2(a), and its decision "evinces no misunderstanding of the agency's broad discretion to grant or deny sua sponte relief." *Lona*, 958 F.3d at 1235. Accordingly, "there is nothing left for us to review." *Id.*

**Petition DENIED**.