**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

FEB 13 2026

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KELVIN SAMUEL GARCIA-CASTRO;
DIANA MARBELY BLANDON-
CHAVARRIA; K. G. G.-B.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-938

Agency Nos.
A220-246-794
A220-246-795
A220-246-796

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2026[**]
Pasadena, California

Before: SCHROEDER, WARDLAW, and BADE, Circuit Judges.

Kelvin Samuel Garcia-Castro, Diana Marbely Blandon-Chavarria, and their

child—all natives and citizens of Nicaragua—petition for review of a decision by

the Board of Immigration Appeals (BIA) denying their motion to rescind and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reissue its decision.  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Petitioners sought reissuance of the decision because they failed to timely seek review in this court of the BIA's dismissal of their appeal from the denial by an Immigration Judge (IJ) of their applications for asylum, withholding of removal, and protection under the Convention Against Torture.  The failure was due to their attorney's admitted deficient performance in not diligently checking the Executive Office of Immigration Review Courts & Appeals System for updates after he allegedly did not receive personal electronic notice of the denial.

In their appeal to the BIA, Petitioners' attorney had failed to file a brief, but after two years, the BIA denied their appeal on the merits based on a statement attached to a prior defective notice of appeal.  The BIA dealt with each of the points raised in Petitioners' notice of appeal, reviewed the record, and affirmed the IJ's denial of relief.  The BIA later declined to reissue this decision because Petitioners did not file a bar complaint or explain why one was not filed as required by *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and they had not otherwise met *Lozada'*s policy goals.

We deal with layers of deficient performance by Petitioners' counsel, who continues to represent them before this court.  Indeed, the petition for review refers

to the wrong petitioner and BIA decision in its conclusion. The repeated errors and omissions by counsel have resulted in years of delay.

Generally, a petitioner must satisfy the three procedural requirements set forth in *Lozada* to establish ineffective assistance of counsel. *See Hernandez-Ortiz v. Garland*, 32 F.4th 794, 801 (9th Cir. 2022). We have explained that the primary policy goal of *Lozada*'s third requirement—to file, or satisfactorily explain the non-filing of, a complaint with the appropriate disciplinary authorities—is to protect against the collusive use by noncitizens and their attorneys of ineffective assistance of counsel claims to achieve delay. *Lo v. Ashcroft*, 341 F.3d 934, 938 (9th Cir. 2003).

The BIA did not abuse its discretion in invoking the requirements of *Lozada* and denying the motion to rescind and reissue its earlier decision. *See Lin v. Ashcroft*, 377 F.3d 1014, 1023 (9th Cir. 2004).

**PETITION DENIED.**[1]

---

[1] The motion for a stay of removal is denied. *See* Docket Entry 4.