**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 16 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HONGMEI WU,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No.   16-70393<br><br>Agency No. A089-977-377<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submission Deferred December 23, 2025
Re-Submitted March 16, 2026**
Pasadena, California

Before:  GRABER, BRESS, and JOHNSTONE, Circuit Judges.

Hongmei Wu, a native and citizen of China, petitions for review a Board of

Immigration Appeals (BIA) decision dismissing her appeal of an immigration

judge's (IJ) order denying her applications for asylum, withholding of removal, and

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The joint motion to submit this case on the briefs is granted.  Dkt. 47. The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture (CAT).[1]  We review the denial of asylum and withholding of removal for substantial evidence.  *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).  "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion."  *Id.*  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

To be eligible for asylum, Wu "has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'"  *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)).  To establish eligibility for withholding of removal, she must "prove that it is more likely than not" that she will be persecuted if returned to China "because of" membership in a particular social group or other protected ground.  *Barajas-Romero v. Lynch*, 846 F.3d 351, 357, 360 (9th Cir. 2017).  Persecution "is an extreme concept that means something considerably more than discrimination or harassment."  *Sharma*, 9 F.4th at 1060 (quoting *Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009)).  "Absent evidence of past persecution, [a petitioner] must establish a well-founded fear of future persecution by showing both a

---

[1] Wu did not challenge the IJ's denial of CAT relief before the BIA or this court. Accordingly, Wu's CAT claim is unexhausted and forfeited.  *See Hernandez-Ortiz v. Garland*, 32 F.4th 794, 804 n.1 (9th Cir. 2022); *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024).

subjective fear of future persecution, as well as an objectively reasonable possibility of persecution upon return to the country in question." *Duran-Rodriguez*, 918 F.3d at 1029 (internal quotation marks omitted); *see* 8 C.F.R. § 1208.13(b)(2).

Assuming without deciding that Wu testified credibly, substantial evidence supports the denial of asylum and withholding of removal. The Supreme Court recently clarified that we review the agency's past persecution determination for substantial evidence. *See Urias-Orellana v. Bondi*, No. 24-777, 2026 WL 598435, at *4–5 (U.S. Mar. 4, 2026). Although Wu was detained for five days by Chinese authorities for attending a church gathering and, during her detention, was slapped in the face, punched, and kicked in the legs, she did not suffer serious injuries. *See Sharma*, 9 F.4th at 1061 ("We have repeatedly denied petitions for review when, among other factors, the record did not demonstrate significant physical harm."); *id.* at 1062 ("[W]hen a petitioner was detained for only five or six days and 'was not beaten, tortured, or threatened,' we held that he did not establish past persecution." (quoting *Al-Saher v. INS*, 268 F.3d 1143, 1146 (9th Cir. 2001)), *amended*, 355 F.3d 1140 (9th Cir. 2004)). In addition, although Wu was fined for giving birth while unmarried, this fact does not demonstrate "substantial economic deprivation that constitutes a threat to life or freedom." *Id.* at 1062 (quoting *Zehatye v. Gonzales*, 453 F.3d 1182, 1186 (9th Cir. 2006)). Accordingly, although Wu's experiences in China were unfortunate, the record does not compel us to conclude that her past

harms rose to the level of persecution. *See Urias-Orellana*, 2026 WL 598435, at *4–5; *Sharma*, 9 F.4th at 1060.

In addition, substantial evidence supports the agency's determination that Wu did not establish an objectively well-founded fear of future persecution. Although Wu testified that Chinese police visited her parent's home in 2009 to look for her, there is no evidence that the Chinese authorities have expressed any interest in her since then. *See Lanza v. Ashcroft*, 389 F.3d 917, 934–35 (9th Cir. 2004). Similarly, although Wu expressed fear that her son would be de-registered from China's household registry because she has not fully paid her fine, he remained registered as of the time of the hearing before the IJ.

Because substantial evidence supports the denial of asylum, Wu necessarily failed to meet the higher showing required for withholding of removal. *See Sharma*, 9 F.4th at 1066.

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues.