NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 28 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NATIVIDAD OLIVAREZ MORALES;
S.O.O.,

No. 24-7677

Agency Nos.
A245-109-523
A245-109-526

Petitioners,

v.

MEMORANDUM*

TODD BLANCHE, Acting Attorney
General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 24, 2026**
Seattle, Washington

Before: W. FLETCHER and KOH, Circuit Judges, and RAYES, District Judge.***

Natividad Olivarez Morales and her child, S.O.O., natives and citizens of

Mexico, petition for review of the Board of Immigration Appeals' ("BIA")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

decision dismissing their appeal of an Immigration Judge's ("IJ") order denying

their applications for asylum, withholding of removal, and protection under the

Convention Against Torture ("CAT"). "Petitioner" when used in the singular

refers to the lead petitioner, Natividad Olivarez Morales.[1]

We review the denial of asylum and withholding of removal for substantial

evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under

this standard, we must uphold the agency determination unless the evidence

compels a contrary conclusion." *Id.* We have jurisdiction under 8 U.S.C. § 1252,

and we deny the petition.

To be eligible for asylum, Petitioner "has the burden to demonstrate a

likelihood of 'persecution or a well-founded fear of persecution on account of race,

religion, nationality, membership in a particular social group, or political

opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting

8 U.S.C. § 1101(a)(42)(A)). To establish eligibility for withholding of removal,

she must prove that it is more likely than not that she will be persecuted if returned

to Mexico because of membership in a particular social group or other protected

ground. *Barajas-Romero v. Lynch*, 846 F.3d 351, 357, 360 (9th Cir. 2017).

Persecution "is an extreme concept that means something considerably more than

---

[1] S.O.O.'s application is based on the same operative facts as the facts in Petitioner's application.

discrimination or harassment." *Sharma*, 9 F.4th at 1060.

The Supreme Court recently clarified that we review the agency's persecution determination for substantial evidence. *See Urias-Orellana v. Bondi*, No. 24-777, 2026 WL 598435, at *4–5 (U.S. Mar. 4, 2026). Under this standard, review is "extremely deferential," *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003), and the evidence must "compel[] a contrary conclusion from that adopted by the BIA," *Parada v. Sessions*, 902 F.3d 901, 909 (9th Cir. 2018). "[W]e may not reweigh the evidence to determine for ourselves whether Petitioner faced persecution"; instead, "[w]e merely determine whether the evidence *compels* such a conclusion." *See Singh v. I.N.S.*, 134 F.3d 962, 969 n.14 (9th Cir. 1998).

Petitioner is an indigenous Purepecha woman from a small community in Arantepacua, on the Purepecha Plateau of Michoacán. In support of her past persecution claim, Petitioner points primarily to a raid on Arantepacua in April 2017, during which 200-300 state police officers entered the community following a dispute between Arantepacua and the neighboring town of Capacuaro. Petitioner was seventeen at the time. According to Petitioner, the police beat and shot residents, raped women, and killed four people, including her father's cousin and a former classmate. Petitioner lived four blocks from the center of the violence, hid during the raid, and later went to identify the bodies. She testified that the experience caused her trauma, and she offered letters from the Arantepacua

community stating that the attack generally caused "diseases and traumas in women and children." Petitioner continued to live in Arantepacua for approximately six more years before departing Mexico with her son in August 2023. During those six years, she experienced three home burglaries unrelated to the 2017 raid.

Substantial evidence supports the agency's determination that Petitioner did not establish past persecution. *See Urias-Orellana*, 2026 WL 598435, at *4–5; *Sharma*, 9 F.4th at 1060. Petitioner argues that the BIA made a number of errors because it failed to correctly consider her age; failed to consider harm to her family member; failed to consider all relevant evidence relating to psychological harm; improperly made factual conclusions in the first instance as to Petitioner's psychological harm; improperly required Petitioner to provide objective evidence of lasting psychological harm, contrary to this circuit's precedents; and did not consider the cumulative effect of the harms that Petitioner faced.

Although Petitioner's experiences were undoubtedly distressing, the evidence does not compel us to conclude that her past harms rose to the level of past persecution. "Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Wakkary v. Holder*, 558 F.3d 1049, 1059 (9th Cir. 2009) (internal quotations and citation omitted). Petitioner did not experience physical violence during the April 2017 raid; she hid during the

attack and was not personally harmed or threatened. She continued to stay in Arantepacua for six years after the 2017 raid and did not provide evidence that she personally suffered psychological harm beyond her statement that she experienced "trauma" and "grew up with that fear." *See Sharma*, 9 F.4th at 1061 ("We have repeatedly denied petitions for review when, among other factors, the record did not demonstrate significant physical harm.").

Any error that the agency made does not compel reversal of the agency's persecution determination. First, although the BIA and IJ wrongly stated that Petitioner was eighteen and not seventeen at the time of the 2017 attack on Arantepacua, the BIA nevertheless considered Petitioner's "young age" at the time of the attack. Second, although harm to Petitioner's "family members or close friends" can contribute to a finding of past persecution, that harm must form "part of a pattern of persecution closely tied to [the petitioner]" herself. *Id.* at 1062 (alteration in original) (internal quotations omitted). Petitioner argues that the agency failed to consider the deaths of Petitioner's father's cousin and former classmate during the April 2017 state police raid on Arantepacua. But those deaths were not a part of a pattern of persecution closely tied to Petitioner herself. Third, the BIA did not err in its conclusion that Petitioner did not suffer psychological harm that rose to the level of persecution. The BIA did not engage in improper factfinding and instead reviewed the record and concluded that the "evidence does

not sufficiently demonstrate that the respondent suffered significant emotional or psychological harm" to support past persecution. The BIA did not state that Petitioner must provide objective evidence of lasting psychological harm. And although the BIA did not cite every piece of evidence relating to psychological harm, we presume that "the BIA did review the record" in reaching its persecution determination. *Hernandez v. Garland*, 52 F.4th 757, 771 (9th Cir. 2022) (quoting *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006)). Ultimately, even assuming the agency could have weighed the evidence in the record differently, we may not reweigh it under the substantial evidence standard. *See Singh*, 134 F.3d at 969 n.14.

Nor does the record compel the conclusion that Petitioner has an objectively well-founded fear of future persecution. Petitioner remained in Arantepacua for approximately six years after the 2017 raid. Although Petitioner experienced three home burglaries unrelated to the 2017 raid, fear of crime and violence alone is insufficient to establish an objective fear of future persecution. *See Mendez-Efrain v. INS*, 813 F.2d 279, 282 (9th Cir. 1987).

Because substantial evidence supports the denial of asylum, Petitioners necessarily failed to meet the higher showing required for withholding of removal.

24-7677

*See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005).[2]

**PETITION DENIED.**

---

[2] Petitioners did not challenge the denial of CAT relief before the BIA or this court. Accordingly, the CAT claim is unexhausted and forfeited. *See Hernandez-Ortiz v. Garland*, 32 F.4th 794, 804 n.1 (9th Cir. 2022).