**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**



**FILED**

APR 29 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEYSI ESCOBAR DE HENRIQUEZ; JOSE FERNANDO HENRIQUEZ-ESCOBAR, <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-3538 <br><br> Agency Nos. <br> A208-896-241 <br> A208-896-242 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 24, 2026**
Pasadena, California

Before: HIGGINSON, NGUYEN, and BRESS, Circuit Judges.***

Deysi Escobar de Henriquez and her son, Jose Fernando Henriquez-Escobar,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Stephen A. Higginson, United States Circuit Judge for the Court of Appeals, 5th Circuit, sitting by designation.

natives and citizens of El Salvador, petition for review of a Board of Immigration Appeals (BIA) decision dismissing their appeal of an immigration judge's (IJ) order denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We review the denial of asylum, withholding, and CAT relief for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* "Where, as here, the BIA streamlines and affirms the result of the IJ's decision without opinion, we review the IJ's decision." *Lanza v. Ashcroft*, 389 F.3d 917, 924–25 (9th Cir. 2004). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      To obtain asylum and withholding of removal, petitioners must show their past or feared persecution bears a nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010) (asylum); *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (withholding of removal). They must also show that their persecution on a protected ground was "committed by the government" or "by forces that the government was unable or unwilling to control." *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (quoting *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc)). The IJ ruled against petitioners on both of these elements of their asylum and withholding claims. Petitioners did not properly challenge these determinations in their opening brief.

Their challenges to the denial of asylum and withholding of removal are therefore forfeited. *See Hernandez-Ortiz v. Garland*, 32 F.4th 794, 804 n.1 (9th Cir. 2022) (issues not raised in opening brief are forfeited); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

Regardless, substantial evidence supports both determinations. *First*, as to nexus, substantial evidence supports the IJ's determination that the alleged persecution petitioners experienced in 2015 was not based on their membership in the proposed particular social group "Salvadorians Who Have Testified Against MS-13 Gang Members Who Are Now Perceived to be Police Informants." Although Deysi and her husband testified against gang members Yesenia and Edenilson in 2008, the record does not compel the conclusion that in 2015, the gang leader "La Escopeta" threatened petitioners because of the earlier testimony. La Escopeta did not mention Yesenia and Edenilson when he threatened Deysi, and Yesenia and Edenilson never personally confronted Deysi about her involvement in their investigation and prosecution.

*Second*, substantial evidence supports the IJ's determination that petitioners' past and feared harm was not based on persecution by forces the government was unable or unwilling to control. The record indicates that authorities in El Salvador responded to the attempted extortion of Deysi and her husband in 2007 by initiating

an investigation, which led to the arrest, prosecution, and conviction of Yesenia and Edenilson. The IJ further observed that petitioners did not experience problems with gang members between 2008 and 2015. And police officers also occasionally visited Deysi's store and neighborhood and would force gang members to leave the area when present.

2.      Petitioners forfeited any challenge to the IJ's denial of CAT relief by failing to meaningfully challenge it in their opening brief. *See Hernandez-Ortiz*, 32 F.4th at 804 n.1; *Martinez-Serrano*, 94 F.3d at 1259. Petitioners also failed to challenge the denial of CAT relief before the BIA. As the CAT claim was not properly raised before the agency, we do not consider it because the government has invoked the exhaustion requirement. *See* 8 U.S.C. § 1252(d)(1); *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (explaining that 8 U.S.C. § 1252(d)(1) is a mandatory claim-processing rule that we "must enforce . . . if a party properly raises it") (quotations and alterations omitted).

**PETITION DENIED.**[1]

---

[1] The motion to stay removal, Dkt. 1, is denied. The temporary stay of removal shall remain in place until the mandate issues.